JUDGE PETERS
delivered the opinion or the court:
This appeal is prosecuted to review and reverse a judgment in favor of appellee against appellant, rendered on the 20th of September, 1866. Both of them were parties to a bill of exchange, of which appellee was the drawer, J. W. Wright the drawee and acceptor, and appellant the indorser.
Appellant insists that he, as indorser, is only surety on the bill for the drawer and acceptor, and as such, is responsible to the bank to whom he indorsed it; but as between themselves, the acceptor and drawer are responsible to him.
It is certainly true that the acceptor of a bill is primarily, and the drawer and indorser respectively, liable, in the order in which they stand on the bill; but it does not necessarily follow, that, because the acceptor is primarily liable, and the drawer liable before the indorser, that either or both were the original debtors, and the indorser only the surety for one or both of the others. The latter may have been the real debtor, and the others drawer and acceptor for his accommodation. The true condition and responsibility of the parties, as between themselves, whether principals or sureties, may be explained by proof aliunde. (Chitty on Bills, 333-4.)
Although appellant denies, in his answer to Williams’ cross-petition, that he was the pax-tner of Wxdght when the debt was contx’acted, and that it was not a partnership transaction, yet Fairman, who was an officer in the Branch Bank of Kentucky before and at the time the bill *680 of exchange was drawn, proves that it was a renewal of a bill made by the same parties for the same amount, dated April 4, 1861, and that was the renewal of a bill for three thousand dollars, dated November 29, 1860, drawn and accepted by W. Lewis and J. W. Wright, and indorsed by D. M. Williams, which last was for the renewal of a note for four thousand dollars, dated April 19, 1860, on which J. W. Wright was principal, W. Lewis, D. M. Williams, and P. M. Smith were sureties; and out of the proceeds of that note a debt of one hundred and fifty-three dollars and eighty-one cents on J. W. Wright, principal, and W. Lewis, was paid, and the balance applied by Wright to payment of sundry debts.
Even if appellant and Wright were not partners when the debt was first contracted, one hundred and fifty-three dollars and eighty-one cents of the money then obtained were applied to the payment of a debt for which appellant was bound and appellee was not; and on the bill to renew or to take up the three thousand dollars of that debt unpaid, appellee was the indorser for appellant and Wright — which of the two last named was the acceptor does not appear, but if Wright was then the principal debtor, appellant was bound on that bill before appellee, and by becoming the drawer of the bill now in controversy, for the accommodation of Wright and appellant, appellee did not thereby assume, as between the parties, a greater or different responsibility than that which he was under by the preceding bill.
But it is contended that the court below refused to adjudicate as to the competency of Wright as a witness in behalf of appellee on exceptions filed by appellant to his deposition ; and to that action of the court below he t.ook an exception. A reference t.o the bill of exceptions will show that counsel have mistaken the question ruled by the court and excepted to.
*681 On the 20th of September, 1864, appellant “ offered” to file exceptions to Wright’s deposition, to the filing of which appellee objected; the court took time till the 22d of the same month to consider the motion, and on that day the motion was overruled, and appellant filed his bill of exceptions, setting forth the exceptions which he offered to file to said depositions, and then states defendant Williams objected to the filing of them, “ and it appearing by the record that exceptions for the, same reasons had been formerly filed and acted on, the court sustained the objections, and refused to permit the filing of said exceptions, to which opinion of the court the plaintiff excepts, and prays,” &c. So it was evidently to 'the refusal of the court, to permit the exceptions to the deposition to be filed that appellant excepted, and not to the refusal of the court to decide upon the exceptions to the deposition; for exceptions, the same in substance, had been previously filed by appellant, “ and acted onf and overruled, as we must presume, since the record does not show that the deposition was rejected, but has it inserted, and shows no bill of exceptions to the ruling of the court in regard to it.
The deposition of Wright must be considered as' evidence in the case; and, although he does not give a very consistent account as to how the money was appropriated, still, he proves that the money was borrowed originally for the use of himself and appellant,. who were partners in trade at the time, and was so used. That statement is not contradicted by any evidence, and we must, therefore, regard that relation as subsisting between them then, and, consequently, appellant was liable to appellee for whatever he may have paid on said debt.
Judgment affirmed.