## Chestnut Street National Bank v. Ellis, Appellant.

*Practice—Pleading—Statement—Affidavit of defence—Act of 1887.*

To entitle plaintiff to judgment for want of an affidavit of defence, or for want of a sufficient affidavit of defence, the statement of his demand under the act of May 25, 1887, P. L. 271, must set forth in clear and concise terms such averments of fact as, if not controverted, would entitle him to a verdict for the amount of his claim.

*Promissory notes—Action against indorser—Pleading.*

In an action by an indorsee against the indorser of a promissory note the statement must aver that the note, on becoming due, was duly presented to the maker, and that he refused to pay, of which the defendant had notice.

In such a case a mere reference to the costs of protest, from which it

might be inferred that the note was protested for nonpayment, is insufficient to sustain the action.

*Affidavit of defence—Promissory note.*

In an action against an indorser of a promissory note, an affidavit of defence is sufficient which avers that no consideration was paid either by the maker of the note, or by the plaintiff; that the latter paid nothing either for or on account of said note to any one, but was a mere transferee, and holds the note merely for collection for account of the maker, who is indebted to defendant "in large sums of money much in excess of the amount of said note."

Submitted on paper-books April 5, 1894. Appeal, No. 347, Jan. T., 1893, by defendant, Amos Ellis, from order of C. P. No. 3, Phila. Co., Dec. T., 1893, No. 105, making absolute rule for judgment for want of sufficient affidavit of defence. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Reversed.

Assumpsit by indorsee against indorser.

Plaintiff's statement was as follows :

"The above action is brought to recover the sum of two thousand and five hundred dollars, being the amount of a certain promissory note dated May 1, 1893, and payable ninety days after date, made by one W. W. De Saville to the order of himself and by the said W. W. De Saville and the defendant indorsed, together with interest thereon from August 2, 1893, and costs of protest two dollars and five cents. Said note was received by the plaintiff in the regular course of business before maturity and for a valuable consideration. [Here follows copy of note with indorsements.]

"Plaintiff further avers that the above amount, to wit, two thousand and five hundred dollars, with interest and costs of protest as stated, is justly due and payable to the plaintiff from and by the defendant."

The affidavit of defence averred :

"That the said note sued upon grew out of the following transaction : One W. W. De Saville made his certain promissory note, dated January 28, 1893, payable three months after date to the order of himself, and procured this deponent's indorsement of the same, without any consideration therefor, and placed the same at The Chestnut Street National Bank, the

plaintiff in this suit, for collection. · That when the said note matured, the said De Saville having no means of his own to pay the same, requested affiant to pay it, whereupon affiant not being in a position to pay that amount, paid one half of the said note which was delivered to him, affiant, and another note, to wit, the one sued upon, was given by the said De Saville and indorsed by this affiant. That no consideration was paid either by the said De Saville or by the said bank to affiant for this note. That the said plaintiffs paid nothing either for or on account of said note to any one, and they are mere transferees without value, and hold the same merely for collection of the said De Saville, who is indebted to affiant in large sums of money, much in excess of the amount of said note.

" That for a further defence this affiant alleges that no notice of protest was given him by plaintiffs or their agent of the nonpayment of said note, at the time of its maturity, nor did he receive any notice at the time of said maturity of its nonpayment, although a resident of the city of Philadelphia, having an office within seven or eight squares of said Chestnut Street Bank, to wit: at No. 1414 South Penn square in the city aforesaid."

Rule for judgment absolute. Defendant appealed.

*Error assigned* was above order..

*Franklin Swayne*, for appellant, cited : Barlow v. Baker, 1 S. & R. 334; Kramer v. Sandford, 4 W. & S. 328; Tyler v. Young, 30 Pa. 143; 2 A. & E. Ency. L. 407, 417; Bridges v. Berry, 3 Taunt. 130 ; Magruder v. Bank, 3 Pet. 87 ; Stewart v. Bank, 40 Mich. 348; Bank v. Warden, 1 N. Y. 413; Webber v. Matthews, 101 Mass. 481 ; Winslow v. Richardson, 29 Ark. 34; Shields v. Bank, 5 W. Va. 254; Hilton v. Shepperd, 6 East, 14; Winans v. Davis, 3 Harrison (N J.) 276; Thompson v. Borick, 3 Hill (S. C.) 276; Walker v. Stetson, 14 Ohio, 89; McKinney v. Crawford, 8 S. & R. 351; Jensen v. McCorkell, 154 Pa. 323.

*William S. Stenger*, for appellee, cited : Moore v. Somerset, 6 W. & S. 262; McConeghy v. Kirk, 68 Pa. 200; Story on Prom. Notes, 6th ed. § 328; Smyth v. Hawthorn, 3 Rawle, 358; Jones v. Wardell, 6 W. & S. 401.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 23, 1894:

To entitle a plaintiff to judgment for want of an affidavit of defence, or for want of a sufficient affidavit of defence, the statement of his demand under the act of May 25, 1887, must be self-sustaining; that is to say, it must set forth in clear and concise terms a good cause of action, by which is meant such averments of fact as, if not controverted, would entitle him to a verdict for the amount of his claim. In that respect, there is no substantial difference between a special count in a declaration, under the time-honored system of pleading, and its legislative substitute, — "a concise statement of the plaintiff's demand," etc, as required by the act of 1887. All the essential ingredients of a complete cause of action must affirmatively appear in the statement and exhibits which are made part thereof.

As was said in McKinney v. Crawford, 8 S. & R. 351: "In an action by the indorsee against the indorser of a note, the declaration must aver that the note, on becoming due, was duly presented to the maker and that he refused to pay, of which the defendant had notice." The liability of the drawer or indorser of a bill of exchange or the indorser of a promissory note is only secondary. It depends on due presentation to the maker, demand of payment at the proper time and place, and notice of dishonor. These are necessary conditions or ingredients of an indorser's absolute liability, unless waived by him; and a distinct averment of one or the other is essential to a good statement of "demand" under the act. The statement in this case contains neither. True, it speaks of "costs of protest two dollars and five cents," from which it might be inferred that the note in suit was protested for nonpayment; but when or how it was protested, whether at maturity or on the eve of bringing suit, etc., we are not informed. Averments that are essential to a complete, self-sustaining statement of demand must be so clear, distinct and positive that resort to anything like mere inference will be unnecessary.

It follows that the plaintiff's statement in this case is fatally defective; and without reference to any of the averments of the affidavit of defence, it is not in a position to demand judgment.

But, waiving all that, the defendant in his affidavit avers in

substance that no consideration was paid either by the maker of the note in suit, or by the plaintiff bank; that the latter "paid nothing either for or on account of said note to any one," but is a mere transferee without value, and holds the same merely for collection for account of De Saville, the maker, who is indebted to defendant "in large sums of money much in excess of the amount of said note." For present purposes, we must assume that these averments of fact are true. If so, they constitute a good prima facie defence to the note in the hands of plaintiff bank.

Judgment reversed, and record remitted with a procedendo.