## John W. Peale *v.* J. Edward Addicks, Appellant.

*Practice, C. P.—Statement—Pleading—Act of May 25, 1887.*

To entitle a plaintiff to judgment for want of a sufficient affidavit of defense, his statement under the act of May 25, 1887, P. L. 158, must set forth, in clear and concise terms, a good cause of action, by which is meant such averments of fact as would, if not controverted, entitle him to a verdict for the amount of his claim.

*Promissory notes—Practice—Statement—Pleading.*

Since the passage of the act of May 25, 1887, plaintiff's statement in an action upon a promissory note against an indorser, must contain averments of presentation, demand and notice of nonpayment in order to entitle him to judgment for want of an affidavit of defense. The averment that " said note was duly protested for nonpayment, the costs of protest being $1.64," is not the legal equivalent of a sufficient averment of presentation and demand at maturity and notice of nonpayment.

*Contract—Parties—Consideration.*

The total or partial want or failure of consideration, or the illegality of consideration, may be insisted upon as a defense or a bar between any of the immediate or original parties to a contract.

*Promissory notes—Accommodation note—Consideration.*

An accommodation bill or note is one to which the accommodating party has put his name, without consideration, for the purpose of accommodating some other party who is to use it and is expected to pay it. Between the accommodating and the accommodated parties the consideration may be shown to be wanting, but when the instrument has passed into the hands of a third party, for value, in the usual course of business, it cannot be done.

In an action against an indorser upon a promissory note an affidavit of defense is sufficient which avers that defendant indorsed the note at plaintiff's request, without any consideration, and solely for plaintiff's accommodation, so that he might more readily use it in his bank.

Argued Jan. 27, 1896.  Appeal, No. 209, July T., 1895, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1895, No. 1061, making absolute a rule for judgment for want of a sufficient affidavit of defense.  Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.  Reversed. DEAN, J., dissents.

Assumpsit on a promissory note.

Plaintiff's statement was as follows :

Plaintiff claims of defendant the sum of $2,138.54, together with interest thereon from March 27, 1895, all of which is justly due from the defendant to the plaintiff as follows :

Defendant is an indorser upon a promissory note dated December 24, 1894, payable three months after date, for the sum of $2,136.90, drawn by Staten Island Terra Cotta Lumber Company to the order of " Ourselves " and by it indorsed.   The following is a copy of said promissory note :

"WOODBRIDGE, N. J., December 24, 1894.

" Three months after date the Staten Island Terra Cotta Lumber Co. promises to pay to the order of Ourselves Twenty-one hundred and thirty-six 90/100 dollars at The First National Bank, Jersey City, N. J.

"STATEN ISLAND TERRA COTTA LUMBER CO.
"by GEO. A. KELLY, Treasurer.

" (Countersigned)        T. EDWARD ADDICKS, President.

" (Indorsed)
"STATEN ISLAND TERRA COTTA LUMBER CO.
"GEORGE A. KELLY, Treas.
"J. EDWARD ADDICKS."

Said note is now due and unpaid and is in the possession and ownership of the plaintiff.   Plaintiff received the same for a valuable consideration before maturity.   Said note was duly protested for nonpayment, the cost of the protest being $1.64.

Plaintiff therefore claims of defendant the said sum of $2,138.54, together with the interest thereon from March 27, 1895.

Defendant's affidavit of defense was as follows :

J. Edward Addicks, the defendant in the above cause, being duly sworn, deposes and says, that he has a just and true de-

fense to the cause of action set forth in the plaintiff's statement in the above cause, .the nature and character of which is as follows :

·  That the note upon which the suit was brought was made by the Staten Island Terra Cotta Lumber Company for coal furnished by the plaintiff but indorsed by this deponent without consideration for the accommodation solely of .John·.W. .Peale, who knew that the same was so indorsed without ·consideration, and who requested that this be done so that he might use it with his banks.

All of which facts this deponent avers to be true, and believes and expects to be able to prove on the trial of the above cause.

The court made absolute a rule for ·judgment for want.of a sufficient affidavit of defense.

*Error assigned* was above order.

*C. Berkeley Taylor,* for appellant.—Paper .indorsed ·for ·the accommodation of a party so as to assist that party in ,raising money upon it cannot be enforced against the accommodating party while it still remains in the hands of the party accommodated : Story on Promissory Notes, sec. 190.; · Daniels on Negotiable Instruments, sec. 189 ; Byles on Bills, Wood ed. 1891, p. 223 ; 2 Am. & Eng. Ency. of Law, 364 ; Thompson v. Chubley, 1 M. & W. 212 ; Patten v. Pearson, 55 Me. 39 ;· Larned v. Ogilby, 20 Iowa, 410 ; Moore v. Baird, 30 Pa. 138 ; Philler v. Patterson, 168 Pa. 468 ; Bower v. Hastings, 36 Pa. 285·; Small v. Smith, 1 Denio, 583.

*John G. Johnson,* for appellee.—An accommodation.note ·is one given by a maker or indorser to another, without a consideration moving either to himself or to some person he wishes to oblige.   In the present case the party benefited by the .note .was the lumber company, of which Addicks was president. Full consideration for the note was given by Peale.   In consequence of the indorsement he might have been able to have .made a use of the note in bank which was not otherwise· possible, but such possibility of use did.not impair the legal effect, generally, of the indorsement.

OPINION BY MR. CHIEF JUSTICE STERRETT, March 30, 1896:

In several recent cases we have held that to entitle a plaintiff to judgment for want of a sufficient affidavit of defense his statement under the act of 1887 must set forth, in clear and concise terms, a good cause of action, by which is meant such averments of fact as would, if not controverted, entitle him to a verdict for the amount of his claim. In that respect, there is no substantial difference between a special count in a declaration under the time-honored system of pleading and its legislative substitute enacted in 1887: Bank v. Ellis, 161 Pa. 241; Newbold v. Pennock, 154 Pa. 591. Under the former, it was necessary, as a general rule, in an action against an indorser to aver in the declaration and prove on the trial, presentation of the note to the maker at maturity, demand of payment and notice to the indorser of his default or refusal to pay. This was necessary because indorsement of a negotiable note, without more, creates merely a contingent liability which becomes absolute only when the maker, upon proper presentation at maturity, fails to pay, and notice thereof is given to the indorser, unless the latter has in due form waived demand and notice. An exception to the general practice under the old system existed under the act relating to the district court of Philadelphia, and its supplements extended to several counties. Under that act when a copy of the indorsed instrument was filed, as therein provided, it was not necessary to aver that all the preliminary steps, such as presentment, demand, etc., necessary to fix the indorser, had been taken. If they had not been taken, the defendant was bound to say so in his affidavit of defense: McConeghy v. Kirk, 68 Pa. 200. But, in Newbold v. Pennock, 154 Pa. 591, this court held that the act referred to, and others of same import, come under the operation of the repealing clause in section nine of the act of May 25, 1887; that " they (the district court act and the act of 1887) embrace the same subject,—the filing of affidavits of defense and entering judgments for default thereof,—and their provisions cannot stand together without establishing two methods of practice for reaching precisely the same result, or making a mongrel method which is not the one prescribed by either statute." It follows, therefore, that in an action against an indorser, the plaintiff's

statement under the act of 1887 must contain averments of presentation, demand, notice, etc., necessary to fix the indorser.

In the case at bar, the statement contains no such averments. The nearest approach thereto is the following clause, referring to the note in suit: "Said note was duly protested for non-payment, the costs of protest being $1.64." This averment is a conclusion of law rather than a statement of facts from which the conclusion may be legitimately drawn. It is, moreover, a conclusion not predicated—in part even—of notice to the defendant of the dishonor of the note. For aught that is averred the note may have been duly protested, and yet defendant, as indorser thereof, may not have been notified of the demand and the maker's refusal to pay, etc. In no proper sense is it the legal equivalent of a sufficient averment of presentation and demand, at maturity, and notice of nonpayment. In brief, the statement does not present such facts as, if found to be true, would entitle the plaintiff to a verdict.

Aside from this defect in the statement, we think the averments contained in the affidavit of defense are sufficient to carry the case to a jury. If it be true,—as is substantially averred in the affidavit of defense,—that defendant, without any consideration, at plaintiff's request, and solely for his accommodation, indorsed the note in suit, "so that he might use it with his bank," it necessarily follows that, as between themselves, the defendant is in the proper sense of the term an "accommodation indorser," and the plaintiff should not be permitted to recover.

The underlying principle, upon which that result should be reached in the class of cases to which this belongs, is nothing more than a proper application of the general rule stated in Story on Promissory Notes, sec. 190, "that the total or partial want or failure of consideration, or the illegality of consideration, may be insisted upon as a defense or a bar between any of the immediate or original parties to the contract."

As defined in Daniels on Negotiable Instruments, sec. 109, "An accommodation bill or note is one to which the accommodating party has put his name, without consideration, for the purpose of accommodating some other party who is to use it and is expected to pay it. Between the accommodating and

the accommodated parties the consideration may be shown to be wanting; but, when the instrument has passed into the hands of a third party, for value, in the usual course of business, it cannot be done." The definition, given in Byles on Bills (Wood's ed. 1891), is to the same effect. It appears to be firmly settled that, " as between the parties accommodated and accommodating, the latter can be under no liability to the former, whatever the relation in which they are placed on the paper : 2 Am. & Eng. Ency. of Law, 364, and cases there cited ; among which are, Thompson v. Clubley, 1 M. & W. 212 ; Patten v. Pearson, 55 Maine, 39 ; Larned v. Ogilby, 20 Iowa, 410. As to third parties, however, it is of course different. " Any one who loans his credit on commercial paper must rest under the obligations of acceptor, indorser, etc., that he has himself assumed : " Id. 365. But, as against persons not bona fide holders for value before maturity, the accommodating party may defend : 2 Rand. Com. Paper, 41. On the same principle, an accommodating party, who has been obliged to take up the note or bill, may recover, from the person accommodated by him, the amount thus paid : Lewis v. Williams, 4 Bush (Ky.), 678 ; Owens v. Miller, 29 Md. 144 ; Pomeroy v. Tanner, 70 N. Y. 547.

Our own cases, among which are Moore v. Baird, 30 Pa. 138 ; Bower v. Hastings, 36 Pa. 285, and Philler v. Patterson, 168 Pa. 468, are in accord with the authorities above cited. In the former it was said : " he who lends his own promissory note for the accommodation of another, lends his credit without any restriction as to the manner of its use. As between the maker and the payee, there is an available defense." In Bower v. Hastings, supra, suit was brought by a holder of accommodation paper who received the same after maturity, and it was held that, as against him, the defense that the note was made for the accommodation of the payee might be successfully interposed because he acquired the note after maturity.

In this case, it appears that the note in suit was made by the Staten Island Terra Cotta Lumber Co. to its own order, and was by it indorsed and delivered to plaintiff in part payment for coal furnished by him to said company. It is claimed that at plaintiff's request, without any consideration, and solely for

his accommodation, it was afterwards indorsed by defendant, so that plaintiff might more readily use it in his bank. If the defendant is able to substantiate these facts to the satisfaction of a jury he should have an opportunity of doing so; and, if he succeeds, plaintiff should not be permitted to recover.

Judgment reversed and a procedendo awarded.