# The Acme Manufacturing Company of Reading, Appellant, v. C. M. Reed.

*Practice, C. P.—Plaintiff's statement—Copy of contract or other writing in settlement—Affidavit of defense.*

To entitle plaintiff to judgment for want of an affidavit or a sufficient affidavit of defense all the essential ingredients of a complete cause of action must affirmatively appear in the statement and the exhibits which are made part thereof; the statement of his demand must be self sustaining; that is to say, it must set forth, in clear and concise terms, a good cause of action, by which is meant, such averments of fact as, if not controverted, would entitle him to a verdict for the amount of his claim.

The requirement of the procedure act of 1887 that the statement "shall be accompanied by copies of all notes, contracts, book-entries, . . . upon which plaintiff's claim is founded," is not merely directory, but is absolutely imperative; and if the copy of the written or printed contract on which the action is founded, or any part thereof, does not accompany the statement, and its absence is not satisfactorily accounted for, the omission cannot be supplied by averments of the contents, or the substance of the missing paper.

In an action founded upon a written contract plaintiff annexed to his statement of claim a blank form of order containing blank spaces evidently intended to be used in specifying the kind, quantity and value of the goods to be ordered. These blanks were unfilled. The only written words which the order contained were the signature of the person giving the order and the words "quantity and specifications already sent in." *Held*, that the statement was incomplete and insufficient, and the defendant was not bound to file an affidavit of defense to it.

Argued April 27, 1897. Appeal, No. 96, Jan. T., 1897, by plaintiff, from order of C. P. Erie Co., Feb. T., 1897, No. 41, discharging rule for judgment for want of sufficient affidavit of defense. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, and FELL, JJ. Affirmed.

Assumpsit to recover $5,755.91 for bicycles sold and delivered to Leo Schlaudecker, for the payment of which the defendant was alleged to be a guarantor.

The plaintiff annexed to his statement of claim the following order, marked Exhibit " A : "

ACME MANUFACTURING Co., Reading, Penna.

Gentlemen:—I herewith hand you my order through your representative for (quantity and specifications already sent in) Stormer Bicycles, this order not being subject to countermand.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Discount. . . . . . . . Terms F. O. B. Reading, Pa., . . . . . . . . days.

Deliveries to be made as follows:

    December. . . . . . . . . . . . . . . April. . . . . . . . . . . . . . . . . . . . . . .
    January . . . . . . . . . . . . . . . . May . . . . . . . . . . . . . . . . . . . . .
    February . . . . . . . . . . . . . . . June . . . . . . . . . . . . . . . . . . . . .
    March . . . . . . . . . . . . . . . . . . July . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

This order is given with the understanding that. . . . . . . . . . . have the exclusive sale of Stormer Bicycles in the following counties viz:. . . . . . . . . . . . . . . . . . . . . . . . . . so long as. . . . . . . . . . give your bicycles proper and fair representation.

This order is taken subject to the approval of the Acme Manufacturing Co. If notice to the contrary is not given within 30 days after receipt of order at their office in Reading, Pa., it will be understood that the offer is accepted.

Remarks. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                              (Signed) LEO SCHLAUDECKER.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
    For the Acme Manufacturing Co.

In the statement of claim the plaintiff averred that on February 24, 1896, the said Leo Schlaudecker sent the plaintiff an

order for bicycles and bicycle goods, a copy of which is here-unto attached and marked exhibit A, as part of the plaintiff's statement, and with said order the guaranty of the defendant, C. M. Reed, of the same date, whereby he the said defendant guaranteed the fulfilment of the terms and conditions of the said order, and that the said Leo Schlaudecker would make the payments as specified according to the terms of said order.

The court in an opinion by NOYES, P. J., of the 37th judicial district, specially presiding, discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was in discharging rule for judgment.

*J. Ross Thompson*, for appellant, cited numerous cases relating to the subject of guaranty, but they are not reported, as the case turned upon the insufficiency of plaintiff's statement.

*Theodore A. Lamb*, for appellee.—This is not such a statement as the act of 1887 provides shall be replied to by an affidavit of defense.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 24, 1897 :

This appeal from the refusal of the court to enter judgment for want of a sufficient affidavit of defense is resisted on two grounds : (1) plaintiff's statement is insufficient in that it does not comply with the requirements of the procedure act of May 25, 1887 ; (2) the averments contained in the affidavit of defense are sufficient to prevent a summary judgment for plaintiff.

If either of these propositions is sustained the appeal must be dismissed : Byrne v. Hayden, 124 Pa. 170; Bank v. Ellis, 161 Pa. 241. In the latter, it was said : " To entitle plaintiff to judgment for want of an affidavit or a sufficient affidavit of defense, the statement of his demand . . . . must be self-sustaining, that is to say, it must set forth, in clear and concise terms, a good cause of action, by which is meant, such averments of fact as, if not controverted, would entitle him to a verdict for the amount of his claim. . . . All the essential ingredients of a complete cause of action must affirmatively appear in the statement and exhibits which are made part thereof."

In the action of assumpsit, the procedure act in express terms requires that the statement "shall be accompanied by copies of all notes, contracts, book entries, . . . upon which plaintiff's claim is founded." This is not merely directory; it is absolutely imperative; and if the copy of the written or printed contract on which the action is founded, or any part thereof, does not accompany the statement, and its absence is not satisfactorily accounted for, the omission cannot be supplied by averments of the contents or the substance of the missing paper. Without the defendant's consent, such averments cannot be accepted as the legal equivalent of the "copy" or "copies" required by the act, except in the case of papers shown to have been lost or destroyed.

Plaintiff's demand in this case is founded on an undated contract or undertaking, signed and sealed by the defendant, of which the following is a copy: "In consideration of one dollar paid me by the Acme Manufacturing Co. . . . I do hereby guarantee to the Acme Manufacturing Co. the prompt fulfillment of all covenants and conditions of the within contract on the part of Leo Schlaudecker, and that the said Leo Schlaudecker will make the payments therein specified according to the terms thereof." Accompanying this copy of the defendant's undertaking is what purports to be a "copy" of the paper on which the undertaking is indorsed. On inspection of the so-called "within contract," it proves to be merely a blank form of order for "Stormer Bicycles," etc., addressed to the plaintiff company, containing blank spaces evidently intended to be used in specifying the kind, quantity, value, etc., of the goods to be ordered.

In and of itself, with the blanks unfilled, it cannot in any proper sense of the term be considered a contract. By properly filling the blank spaces therein, the paper is susceptible of being made a contract; but, as presented, it is a misnomer to call it a "contract." With the exception of the words "quantity and specifications already set it" parenthetically inserted in the first sentence, and the name, Leo Schlaudecker, signed at the end of the paper, the blank order remains unfilled, and is therefore lacking in the essential features of a contract. It is entirely silent as to the kind, quantity, value, etc., of goods ordered or intended to be ordered. It contains no "covenants and condi-

tions," nor does it specify any " payments " to which defendant's undertaking indorsed thereon can apply.   The only reference to any of these essential matters is found in the words above quoted from the first sentence of the blank order, viz : "quantity and specifications already sent in."   These words clearly indicate that Leo Schlaudecker, whose name is signed at the end of the blank order, had " already sent in," and the plaintiff had received his order for bicycles and bicycle goods to which defendant's undertaking was intended to refer.   This is the only meaning of which the words quoted are susceptible. That order " already sent in " is presumably in the possession of plaintiff company, and the copies of papers set out in the statement should have been " accompanied by " a " copy " of the order to which the words above quoted evidently refer. That order, embodying " quantity and specifications," etc., and the blank order on which defendant's undertaking is indorsed, together constitute the " contract " to which said undertaking refers.   In the absence of explanation, and without a " copy " of the paper to which defendant's undertaking refers and upon which it depends, plaintiff's statement of claim is incomplete and insufficient, and defendant was not bound to answer it. In other words, plaintiff was in default, and therefore not in a position to ask for a summary judgment.   It is therefore unnecessary to express any opinion as to whether defendant's affidavit presents a meritorious defense or not.   The rule for judgment was rightly discharged, not for the reason suggested by the court, but because plaintiff's statement does not sufficiently comply with the requirements of the procedure act.

Appeal dismissed at plaintiff's costs, but without prejudice, etc.