Opinion by
Head, J.,
A contract of indorsement, when made, is neither a primary nor an absolute one. It is secondary and conditional. It is but an agreement for a future liability upon and after the happening of certain contingencies. These are nowhere described in the body of the instrument indorsed, but inhere, ex lege, in the contract created by the simple act of indorsement. They are (a) presentation for payment at the time and place designated by the parties or the law for that purpose; (b) refusal to pay by the party or parties primarily bound; *157 (c) prompt notice of such refusal to the indorser, whose liability tjhen, but not until then, becomes fixed.
As a consequence he who seeks to recover on a contract of indorsement must aver the happening of each and every one of these essential facts or his statement will be demurrable. And, per contra, where a defendant denies, under oath, the existence of any one or more of the same facts, the affidavit is sufficient to put the plaintiff to his proofs before a jury.
In the present case, the plaintiffs, recognizing the nature of the contract on which they sue, aver the happening of the above-specified contingencies, and as to the last one, to wit: notice of dishonor by the maker, they aver the necessary notice to have been given by the notary who protested the note. Had we no law requiring an affidavit of defense they would be required to prove, as a necessary ingredient of their right to recover, the fact that such notice was actually given to the indorser before they could call on him to respond. But if, under existing laws, that fact be fairly denied in the affidavit of defense, the plaintiff must still be ready with his proofs.
The affidavit in this case declares: “That no notice of the dishonor or protest of said note was given to this deponent by the plaintiffs in this case, or the notary who is alleged to have protested the same or any one on the occurrence of such dishonor or protest, or at any time until the bringing of this suit.” To our minds this language is neither obscure as to the meaning nor evasive as to the intent of the affiant; on the contrary, it seems to fairly meet and put in issue a material fact, without s the aid of which, admitted in the pleadings or established by proof on the trial, the plaintiffs cannot recover. We must, therefore, regard the affidavit as sufficient to prevent a summary judgment and remit the record so that the cause may proceed, in due course, to trial.
Judgment reversed and a procedendo awarded; the costs of this appeal to be paid by the appellees.