## Scott *v.* Brown, Appellant.

*Promissory notes—Action against endorser—Protest—Certificate of notary—Proof of notice—Negotiable Instrument Act of May 16, 1901, P. L. 194.*

In an action by the holder of a promissory note against an endorser, where plaintiff offers the note in evidence, together with the certificate of the notary by whom protest has been made, the certificate stating that the notary had protested the note and notified the maker and endorsers of the presentation, demand and refusal, and this is followed by proof that after protesting the note, the notary had mailed, among others, a notice to the defendant endorser at a certain post office, the plaintiff is not under obligations to furnish further proof that the post office station named was the post office to which notice should have been sent under the Negotiable Instrument Act of May 16, 1901, P. L. 194, and in the absence of evidence by the defendant, the court acts properly in directing a verdict for the plaintiff. The certification of the notary that he had given notice to the defendant raised the presumption, since his act was an official act, that it was properly performed and his certificate, standing alone, entitled the plaintiff to go to the jury. Further proof that the notice was mailed to a certain post office station was not contradictory of nor inconsistent with the notary's official certificate of notice to the endorser and did not destroy the prima facie effect of the certificate nor repel the presumption to which it gave rise.

Argued February 10, 1913. Appeal, No. 111, Jan. T., 1912, by defendant, from judgment of C. P. Bucks Co., Nov. T., 1910, No. 26, on verdict for plaintiff by direction in the case of Charles B. Scott, doing business as Charles B. Scott Company, v. Charles Brown. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit against endorser on promissory note. Before STAPLES, P. J., specially presiding.

The opinion of the Supreme Court states the case.

The note in question was as follows:

$1,600.                 Scranton, Jan'y 7th, 1910.

One month after date I promise to pay to the order of Charles Brown Sixteen Hundred and 00-100 Dollars at Traders National Bank Scranton.

Value received.

Due Feb. 7.          (Signed)      PAUL BROWN.
    (Endorsed)      Charles Brown.
                Paul Brown.
                C. Ezra Scott.    (erased with ink)

The court directed a verdict for the plaintiff and judgment thereon.

*Errors assigned* were in directing a verdict for the plaintiff and refusing to enter judgment for defendant non obstante veredicto.

*Isaac J. Vanartsdalen,* for appellant.—Defendant having set up in his affidavit of defense want of notice or protest and dishonor, the burden was on the plaintiff to prove legal notice: Link v. Bergdoll, 35 Pa. Superior Ct. 155; First National Bank v. McBride, 230 Pa. 261.

Plaintiff must prove that the post office to which the letter was addressed was defendant's post office as set forth in above act. Jury cannot infer it without positive evidence of the fact: Fonseca v. Hartman, 84 N. Y. Supp. 131; Crawford v. Branch Bank of Mobile, 7 Ala-

bama 210; Turner v. Rogers, 8 Indiana 139; Sullivan v. Deadman, 19 Arkansas 484; Stiles v. Inman, 55 Mississippi 469.

The general principle is that where a notice is mailed party addressed is presumed to receive it, but no such presumption arises unless it is shown that the party receives mail at that post office: Henderson v. Carbondale Coal Co., 140 U. S. 37.

*Geo. Ross*, of *Yerkes, Ross & Ross*, for appellee.—The certificate was conclusive: Farmers' National Bank v. Marshall, 9 Pa. Superior Ct. 621; Zollner v. Moffitt, 222 Pa. 644; Lloyd v. McGarr, 3 Pa. 474; Odd Fellows' Savings Bank v. Miller, 179 Pa. 412; Frick v. Barbour, 64 Pa. 120.

OPINION BY MR. CHIEF JUSTICE FELL, April 21, 1913:

At the trial of an action by the holder of a promissory note against an endorser the plaintiff offered the note in evidence together with the certificate of the notary by whom protest had been made. It appeared from the certificate that the notary had presented the note at the bank where it was payable on the day that it was due and demanded payment thereof which was refused, that he had protested it and notified the maker and endorsers of the presentation, demand and refusal. This was followed by proof by the notary that after protesting the note, he handed it to his clerk with instructions to mail notices which he furnished for the purpose to all parties to the note, to such addresses as he had obtained or had the means of obtaining. And by further proof by the notary's clerk that he had within an hour of the dishonor of the note mailed notice of the presentation, demand and dishonor of the note to the defendant at Fallsington, Bucks Co., Pa., with notice that he would be looked to for payment. The defendant offered no testimony, but presented a request for binding instructions, which was re-

fused, and after verdict he moved for judgment non obstante veredicto on the ground that there was no proof that Fallsington was the post office to which notice should have been sent under the Negotiable Instrument Act of May 16, 1901, P. L. 194. Section 108 of the act provides that where a party to a note has not added an address to his signature and notice is sent by mail it must be sent "(1) Either to the post office nearest to his place of residence or to the post office where he is accustomed to receive his letters, or (2) If he live in one place and have his place of business in another, notice may be sent to either place, or (3) If he is sojourning in another place, notice may be sent to the place where he is sojourning."

The plaintiff could have gone to the jury on his offers of the note and the notary's certificate of protest without further proof and the single question raised by the appeal is whether having shown by his witnesses that the notice was mailed to Fallsington, he was required to go farther and prove that this was the proper post office to which to mail it under the Act of 1901. The Act of January 2, 1815, 6 Smith's Laws 238, which made the certificate of a notary evidence of the facts therein contained was extended by the Act of December 14, 1854, P. L. (1855) 724, so as to include notice to drawers, acceptors and endorsers in respect to the dishcnor of bills and promissory notes. It has been uniformly held in our cases that the certificate of a notary of notice of protest is prima facie evidence of the facts stated therein and that in the absence of contradictory proof it is conclusive. In Kase v. Getchell, 21 Pa. 503, it was said that notice to an endorser is part of the official duty of a notary and when duly certified and not contradicted or questioned, the presumption that always arises in favor of official acts requires us to hold that it was given according to law, and in Starr v. Sanford, 45 Pa. 193, that the Act of 1854 makes such

a certificate prima facie evidence and unless rebutted it must have a conclusive effect.

The notary certified that he had given notice to the defendant. Presumably, since his act was an official act, it was properly performed and his certificate stand-. ing alone entitled the plaintiff to go to the jury. If the notary had certified that he gave notice by mail to Fallsington, the same presumption as to regularity and legality would have arisen for presumably he sent notice to the right place. Proof that the notice was mailed to Fallsington was not contradictory of nor inconsistent with the notary's official certification of notice to the endorser and it did not destroy the prima facie effect of the certificate nor repel the presumption to which it gave rise.

The judgment is affirmed.