## Menihan v. Bear. No. 2.

*Negotiable instruments—Statement of claim—Sufficiency.*

In a suit upon a promissory note, plaintiff's statement of claim is insufficient where it fails to aver that the plaintiff is the holder of the note or in possession thereof; particularly where the protest paper attached to and expressly made part of the statement gives the name of another as the holder at the date of protest.

Statutory demurrer. C. P. Berks Co., June T., 1923, No. 87.

*John A. Keppelman,* for plaintiff; *Harvey F. Heinly,* for defendant.

BIDDLE, P. J., 9th judicial district, specially presiding, Nov. 30, 1923.—This was an action of *assumpsit* based upon a promissory note given by the defend-ant to the plaintiff. The plaintiff's statement of claim sets out that the plain-tiff is a corporation; that the defendant, Isaac Bear, is trading as I. Bear & Co.; that on April 6, 1922, defendant made and delivered to the plaintiff a promissory note dated April 6, 1922, for $1031.95, payable Oct. 6, 1922, to the order of Menihan Company, Rochester, N. Y., at the office of the Penn-sylvania Trust Company, No. 536 Penn Street, Reading, Pa.; that the promis-sory note was presented by the plaintiff for payment, and demand was made upon the defendant for payment, but payment was refused, and defendant still refuses to pay either the principal or interest of said note; that the said promissory note was duly protested for non-payment, a copy of the protest being attached and made a part of the statement.

The said protest sets out that the note was protested Oct. 6, 1922, by a notary public residing in the City of Reading, who had presented the same "at the request of the Farmers National Bank of Reading, the holder."

The defendant filed an affidavit of defence in lieu of demurrer, averring that the statement of claim failed to set out a good cause of action against the defendant.

At the argument of the case, the defendant said that, as the statement of claim failed to set out that the plaintiff was the holder of the note or in pos-session thereof, the statement was insufficient; and this is the question before the court for determination.

The plaintiff contends that, under the Negotiable Instruments Law of 1901, every holder is deemed *prima facie* to be a holder in due course, and states:

Menihan *v.* Bear. No. 2.

"The plaintiff here is a party to this note, has possession thereof and is suing thereon. He is, therefore, a holder, and, under the Negotiable Instruments Law, is presumed to be a holder in due course."

There is no doubt that the Negotiable Instruments Law holds exactly what the plaintiff contends, and if the statement of claim contained the averments quoted from the plaintiff's argument, we would have no hesitation in ruling the point of law raised by the affidavit of defence against the defendant. But the statement of claim, so far as we have been able to ascertain, nowhere contains an averment that the plaintiff is the holder of the note, either in due course or otherwise. Nowhere does it aver that the plaintiff is now in possession of the note or that he was in possession of the note at the time this action was instituted.

It was suggested by the learned counsel for the plaintiff, at the argument of the case, that the plaintiff might strike out all the endorsements on the note except its own. This may be admitted, but it does not appear that this has been done. It was also argued that if this had been done, it would be a fair inference that the subsequent endorsers were merely its agents to collect the note. This also may be admitted, but it does not appear that these endorsements were stricken out. Nor is there any averment in the statement that subsequent endorsers were merely the agents of the plaintiff for the collection of the note.

The protest, which, by the express language of the statement, is made a part thereof, avers in express terms that on Oct. 6th, when the note was protested, the Farmers National Bank of Reading was the holder of the note. Such an averment would, no doubt, have appeared even had the Farmers National Bank been merely the agent for collection, but the same statement would have appeared had the Farmers National Bank been a holder in due course for value and the actual owner of the note in question. Before the plaintiff can hold the defendant to answer its statement, it must set out a complete and valid statement of claim.

"To entitle one to judgment for want of a sufficient affidavit of defence, his statement of claim must aver, in clear and concise terms, all facts essential to support the judgment asked:" Parry *v.* Bank, 270 Pa. 556, 559.

The plaintiff here is asking us to sustain the statement, not on the averments of the statement itself, but on inferences which it is contended may be drawn from some of the averments. We think that the court should not be asked to do this.

"Averments that are essential to a complete, self-sustaining statement of demand must be so clear, distinct and positive that resort to anything like mere inference will be unnecessary:" Bank *v.* Ellis, 161 Pa. 241, 244.

It would be a very simple matter for the plaintiff to aver that it is in possession of the note, or that it is the holder thereof, and was the holder and owner at the time the suit was instituted. Were such averments added to those already mentioned, the statement of claim would be sufficient to compel the defendant to set up any defence on the merits that it may have. But the statement is, as it stands, insufficient in our opinion, in that it is necessary to resort to inferences to find essential facts which the plaintiff should distinctly aver.

The point of law raised by the affidavit of defence in lieu of demurrer is, therefore, decided in favor of the defendant, without prejudice, however, to the right of the plaintiff to amend the present statement of claim, or to file a new statement of claim which will contain the necessary averments as to the possession and ownership of the note in suit.

From Wellington M. Bertolet, Reading, Pa.