## Duquesne Brewing Co. of Pittsburgh v. Mazza

*Lloyd O. Hart*, for plaintiff.
*Bloom & Bloom*, for defendant.

HUGHES, J., July 3, 1937. — On February 16, 1937, plaintiff filed a statement of claim setting forth that it had sold and delivered by oral contracts quantities of malt and brewed beverages, as set forth in its exhibits A, B, and C; that the prices charged for these goods are

those which defendant promised to pay plaintiff for the same; that the charges were made in the books of the company at or about the times of the respective dates, and are just and true as stated. It is set forth that John Mazza, defendant, was duly licensed to sell malt and brewed beverages at wholesale at No. 315 Meadow Street, Washington, Washington County, Pa. From the exhibits attached to the statement of claim it appears that the Duquesne Brewing Company is a corporation engaged in the manufacture of beer, ale, and porter, and that the charges against defendant were for the sale to him of such items on credit.

On April 7, 1937, the attorney for plaintiff entered judgment for want of an appearance and affidavit of defense in the amount of $914.30, with interest from April 7, 1937, and costs. On April 9, 1937, defendant presented his petition asking that the judgment be set aside in order that he be allowed to file an affidavit of defense. He attached to his petition a copy of the affidavit of defense to be filed, which sets forth that the Act of Assembly of May 3, 1933, P. L. 252, sec. 23, amended by the Act of December 20, 1933, P. L. 75, and the Beverage License Law of July 18, 1935, P. L. 1217, provides that: "No right of action shall exist to collect any claims for credit extended contrary to the provisions of this clause."

To entitle a plaintiff to judgment for want of an affidavit of defense, the statement of his demand must be self-sustaining; that is to say, it must set forth in clear and concise terms a good cause of action, by which is meant such averments of fact as, if not controverted, would entitle him to a verdict for the amount of his claim. The statement of the exhibits made a part thereof should contain all the elements of a complete cause of action, averred in clear, express, and unequivocal language: Chestnut Street National Bank v. Ellis, 161 Pa. 241; Acme Manufacturing Company of Reading v. Reed, 181 Pa. 382; McCoy v. Royal Indemnity Co., 107 Pa. Superior Ct. 486.

The Beverage License Law of July 18, 1935, supra, provides for the licensing of retail dispensers, distributors, importers, and manufacturers of malt and brewed beverages. It is set forth in section 23:

"It shall be unlawful . . .

"For any licensee to sell, or offer to sell, or purchase or receive, any malt or brewed beverages except for cash, excepting credits extended by a hotel or club to bona fide registered guests or members. No right of action shall exist to collect any claims for credit extended contrary to the provisions of this clause".

That it applies to manufacturers as well as distributors and retailers is evident by the further provision in the same section:

"Nothing herein contained shall prohibit a manufacturer from extending usual and customary credit for malt or brewed beverages sold to customers or purchasers who live or maintain places of business outside of the Commonwealth of Pennsylvania, when the beverages so sold are actually transported and delivered to points outside of the Commonwealth."

In our case the beverages were manufactured in Allegheny County, Pennsylvania, and delivered to the distributor in Washington County, Pennsylvania.

Plaintiff must show that the transaction was lawful and within the statutes. The burden of establishing the lawfulness of such a transaction is upon him who makes a sale or purchase of intoxicating liquor. So unless it clearly appears in the statement of claim that the sale was lawful judgment should not be permitted to be entered upon it. We can indulge in no presumption that the sale was for a lawful purpose and duly authorized: Monongahela Drug & Mfg. Co. v. Gibson Distilling Co., 6 D. & C. 721.

It is essential to the proper entry of a judgment for want of an appearance that the statement of claim shall show a cause of action against defendant: Rosser v. Cusani, 97 Pa. Superior Ct. 255.

We must conclude from an examination of plaintiff's statement of claim in this case that it was not a sufficient one on which judgment could be entered for want of an appearance. As the judgment must be set aside the other reasons assigned and the answer thereto are not considered.

And now, July 3, 1937, it is ordered, adjudged, and decreed that the judgment entered in the above-stated case on April 7, 1937, be and is hereby set aside, and defendant is given 15 days within which to file an affidavit of defense.

*Opinion sur motion for judgment for want of a sufficient affidavit of defense*

GIBSON, J., October 30, 1937.—Plaintiff by its amended statement of claim sets forth that it is a corporation licensed to manufacture and sell malt and brewed liquors, having its principal place of business in the City of Pittsburgh, Allegheny County, and that it sold and delivered to defendant various quantities of malt and brewed beverages ordered by defendant and accepted by him, amounting to a total of $4,093.75. Certain payments have been made from time to time and there is a balance due of $857.27, for which the suit was brought. The exhibits attached to the statement of claim show that plaintiff operated several breweries and that deliveries were made from its Chartiers Valley Brewery at Carnegie, Pa., also from its Duquesne Brewery at Pittsburgh, Pa. It is evident from the statement that the malt and brewed beverages were sold on credit.

An affidavit of defense having been filed, plaintiff filed its motion for judgment for want of a sufficient affidavit of defense to the amended statement. The court ordered this motion to be placed on the argument list, and it is now before us for disposal. On the same date the motion for judgment for want of a sufficient affidavit of defense was filed, plaintiff through its counsel filed a præcipe directing that the case be placed on the issue docket and

trial list. The motion for judgment for want of a sufficient affidavit of defense cannot be granted for either of two reasons.

1. When this case was before us on a proceeding to open the judgment which had been entered in default of an appearance and affidavit of defense, this court, speaking through Judge Hughes, reviewed the acts of assembly relating to the sale of malt and brewed beverages, particularly that portion of the Beverage License Law of July 18, 1935, P. L. 1217, sec. 23, in which it is set forth:

"It shall be unlawful . . .

"For any licensee to sell, or offer to sell, or purchase or receive, any malt or brewed beverages except for cash, excepting credits extended by a hotel or club to bona fide registered guests or members. No right of action shall exist to collect any claims for credit extended contrary to the provisions of this clause."

This act became effective immediately upon final enactment, was approved July 18, 1935, and on and following that date no lawful sales of malt or brewed beverages could be made except for cash.

We also pointed out the requisites of a statement of claim upon which a judgment may be entered, among them being that the statement must be self-sustaining, must set forth in clear and concise terms a good cause of action, and contain all the elements of a complete cause of action averred in clear, express, and unequivocal language. It is not necessary to repeat what we said in our previous opinion. The law as there stated applies to the right of action for beverages sold on credit and the essentials of a statement of claim in considering the amended statement of claim. To this we add that the statement of claim must not mingle items for which no cause of action can lawfully arise.

Plaintiff has attached to its amended statement of claim certain exhibits. These are made a part of it. In paragraph third of plaintiff's amended statement of claim it is set forth that the malt and brewed beverages were

sold and delivered between May 18, 1935, and June 22, 1935. An examination of the exhibits, which plaintiff has made a part of its statement, shows that beverages were sold and delivered after that time which enter into the calculation of the amount for which suit is brought: It is set forth that credits allowed are up to July 17, 1935. However, the exhibits show credits for cash and goods covering a much later period, which may be applicable to the oldest account. The balance claimed in this suit is arrived at by a confused intermingling of various transactions extending to what appears to be December 5, 1936. Since the exhibits are a part of the statement, they should be clear and concise and neither contradict or confuse that which precedes them.

The Beverage License Law, supra, and the Pennsylvania Liquor Control Act of July 18, 1935, P. L. 1246, were both approved on July 18, 1935, and became effective on that date. Both prohibited the sale of brewed beverages except for cash: Beverage License Law, sec. 23(e), and Pennsylvania Liquor Control Act, sec. 601(f); and provided: "No right of action shall exist to collect any claim for credit extended contrary to the provisions of this clause." We have been unable to find any previous prohibition of the sale by manufacturers of beverages produced by them. They might sell on credit until July 18, 1935, but on and after that date such sales would be unlawful and no recovery could be had.

Plaintiff is required to show that the transactions for which it claims were lawful and that the law did not prohibit its recovery for them. We cannot presume this; it should clearly appear. Owing to the method of setting out the exhibits which are a part of the statement, we are left in doubt concerning at least a part of the claim.

There is another defect in this statement. Plaintiff states that the prices charged are those "which the defendant promised to pay." The suit being for goods sold and delivered, there must have been some contract supporting it. Plaintiff does not state if the contract and promise

is oral or written. The Practice Act of May 14, 1915, P. L. 483, requires this, and if a judgment is to be entered in favor of plaintiff because defendant did not file a sufficient affidavit of defense plaintiff must first strictly comply with the Practice Act.

From what we have said it is apparent that the case is not such a clear one that we should enter a judgment on the pleadings.

2. By filing a motion for judgment for want of a sufficient affidavit of defense and a præcipe placing the case on the issue docket and trial list on the same day, plaintiff adopted inconsistent courses of procedure. If the placing of the case on the issue docket and trial list was the first in order, then plaintiff had waived any objections to the form and sufficiency of the affidavit of defense and there was no proper place for a motion for judgment for want of sufficient affidavit of defense. If plaintiff placed the case on the issue docket or trial list subsequent to filing its motion for judgment for want of sufficient affidavit of defense, it abandoned that motion, and that motion could have been summarily dismissed for that reason. This motion is for judgment for the whole of the amount claimed, and if it should be sustained there is nothing left for the trial on the issue docket. There was nothing compelling plaintiff to place the case on the issue docket, therefore we must assume its act was voluntary. This implies a waiver of the right of plaintiff to rule for judgment for want of a sufficient affidavit of defense: 4 Standard Pennsylvania Practice, sec. 232; O'Neal v. Rupp, 22 Pa. 395; Erie City Iron Works v. Shuberth, 24 Dist. R. 1038; Federal Sales Co. of Phila. v. Farrell, 264 Pa. 149; Russ Soda Fountain Co., Inc., v. Victor Pastry Shoppe, Inc., et al., 125 Pa. Superior Ct. 452.

These conclusions make it unnecessary for us to consider the sufficiency of the affidavit of defense. And now, October 30, 1937, plaintiff's motion for judgment for want of a sufficient affidavit of defense is refused.