DeCoster *v.* Brown (et ux.,·Appellant).

Argued September 29, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Simon Pearl,* for appellant.

*Charles F. Phillips,* for appellee.

OPINION BY PARKER, J., December 17, 1937:

This is an appeal from an order of the court below refusing to strike off a judgment against Mary Smith Brown. The original suit was by the holder of a negotiable instrument against the maker and Mary Smith Brown, the indorser. The summons and a statement of claim were served upon the defendants and on January 9, 1934 judgments were entered against maker and indorser for want of an affidavit of defense. Two days later a fieri facias was issued and on February 6, 1934, an order was made for an oral examination of defendants. Such examination was held on February 16, 1934. Later an attachment execution was issued and on December 14, 1936 the defendants, both maker and indorser, petitioned the court to strike off the judgments entered for want of an affidavit of defense, alleging as a ground for relief that the statement of claim was not "self-sustaining and legally sufficient to support a default judgment." More particularly it was contended that there was not a sufficient averment in the statement of claim that notice of dishonor was given to Mary Smith Brown, the indorser.

The statement of claim averred inter alia: "4. On December 1, 1933, plaintiff caused the said note to be presented to defendants, and demand for payment made, but no part thereof has been paid. 5. On the 1st day of December, 1933, the plaintiff caused the said note to be duly protested, a copy thereof is hereunto attached, made part hereof and marked Exhibit 'A'." The notary in the certificate of protest attested that on December 1, 1933 he presented the note at the address of the maker given on the note and "demanded the payment thereof which was refused ...... of which

demand and refusal I [he] duly notified the endorsers and maker."

We deem the averment sufficient to support the judgment. While it is true that the body of the statement of claim does not aver that notice of dishonor was given the indorser, it does aver that the note was protested and a copy of the protest was attached to the statement and made part thereof. An examination of the copy of the protest attached shows that on the same day, December 1, 1933, notice of dishonor was given to the indorser, the appellant.

By Section 89 of the Negotiable Instruments Law (56 PS 211) a drawer or indorser to whom notice of dishonor is not given, is, except in special instances not here important, discharged. Subsequent sections provide when and by whom the notice may be given. To entitle a plaintiff to a judgment for want of an affidavit of defense or for want of a sufficient affidavit of defense, the statement of his demand must be self-sustaining; that is to say, it must set forth a good cause of action, "by which is meant such averments of fact as, if not controverted, would entitle him to a verdict for the amount of his claim ...... All the essential ingredients of a complete cause of action must affirmatively appear in the statement and exhibits which are made part thereof": *Chestnut Street National Bank v. Ellis,* 161 Pa. 241, 244, 28 A. 1082. Also see *Acme Mfg. Co. v. Reed,* 181 Pa. 382, 384, 37 A. 552; *Rosenblatt v. Weinman,* 230 Pa. 536, 540, 79 A. 710; *Jones v. Markley,* 92 Pa. Superior Ct. 348. In a suit by a holder against an indorser of a negotiable note it is necessary to aver presentation of the note to the maker at maturity, demand for payment, and notice to the indorser of the maker's default or refusal to pay: *Peale v. Addicks,* 174 Pa. 543, 546, 34 A. 201.

The averment of demand on the maker at maturity and his refusal to pay is clear. It must be conceded

that if the statement of claim does not aver that notice of dishonor was given the indorser within the time required by the Uniform Negotiable Instruments Law, it will not support a judgment: *Chestnut Street National Bank v. Ellis,* supra. Mere knowledge on the part of the indorser of non-payment is not notice: *Juniata Bank v. Hale,* 16 S. & R. 157; *First National Bank v. Shreiner,* 110 Pa. 188, 195, 20 A. 718; *Marshall v. Sonneman,* 216 Pa. 65, 64 A. 874; *Harr v. Edsall,* 121 Pa. Superior Ct. 19, 21, 183 A. 67. It is to be noted that when the notice of dishonor comes from the holder or his agent such notice is a sufficient intimation that the holder looks to the one so notified for payment: *Marshall v. Sonneman,* supra.

"A judgment entered by confession or by default remains within the court's power without time limit, but an adverse judgment may not be opened after the expiration of the term at which it was entered unless fraud, or some other recognized equitable ground for relief, is shown": *Kappel v. Meth,* 125 Pa. Superior Ct. 443, 450, 189 A. 795.

This leads us directly to the main question involved. Was there a sufficient averment in the statement of claim of notice of dishonor to the indorser to support the judgment entered? In the body of the statement there is a clear and positive averment of the facts that on the day the note was due it was presented to both maker and indorser, that payment was demanded and that the note was not paid. It is then averred that the holder caused the note to be protested on that same day, December 1, 1933, and a copy of the protest is attached and made a part of the statement. The copy so attached shows that the notary on December 1, 1933 notified the defendant indorser of its dishonor. It seems clear to us that the plaintiff by making the protest a part of the statement in effect averred that a notice was given as set forth in the certificate of the notary. Such being

the case, the basis of the claim of the plaintiff distinctly appears. If the defendant desired more specific information as to how the notice was given by the notary to the indorser, he could have taken a rule for a more specific statement of claim, but that is a matter which goes to form rather than to substance. The plaintiff did more than aver that the notice was protested for he set forth when and by whom the notice was given. The pleader averred not only the facts but the evidence by which the facts would be shown. In addition he set forth a type of evidence which made out a prima facie case. It is common practice in drafting a statement of claim to refer to a writing and make the same a part of the statement where such writing forms the basis of the claim.

By the Act of December 14, 1854, P. L. [1855] 724, §2 (28 PS 222) it is provided: "The official acts, protests and attestations of all notaries public, certified according to law, under their respective hands and seals of office, in respect to the dishonor of all bills and promissory notes, and of notice to the drawers, acceptors or indorsers thereof, may be received and read in evidence as proof of the facts therein stated, in all suits now pending or hereafter to be brought: Provided, That any party may be permitted to contradict, by other evidence, any such certificate."

In *Scott v. Brown,* 240 Pa. 328, 87 A. 431, on the trial of an action by the holder of a promissory note against an indorser, the plaintiff offered the note in evidence together with the certificate of the notary by whom protest had been made. The certificate of the notary showed presentation for payment, demand and refusal, and that he had notified the indorsers of presentation, demand and refusal. This was followed by further proofs as to how the notice was given by the notary's clerk. The Supreme Court said: "The plaintiff could have gone to the jury on his offers of the note and the

notary's certificate of protest without further proof
......It has been uniformly held in our cases that the
certificate of a notary of notice of protest is prima facie
evidence of the facts stated therein and that in the ab-
sence of contradictory proof it is conclusive......No-
tice to an indorser is part of the official duty of a notary
and when duly certified and not contradicted or ques-
tioned, the presumption that always arises in favor
of official acts requires us to hold that it was given
according to law......The Act of 1854 makes such a
certificate prima facie evidence and unless rebutted it
must have a conclusive effect." The Supreme Court
affirmed binding instructions for the plaintiff. In our
case the identical facts were averred that were held in
the Scott case to be sufficient to support a judgment.
All the facts were averred that were necessary to make
a conclusive case, if the facts were not denied.

Appellant relies upon two cases which are easily dis-
tinguished from the present one. In *Peale v. Addicks,*
supra, the only approach to an averment of notice to an
indorser of dishonor was this language: "Said note was
duly protested for non-payment, the costs of protest
being $1.64." The court held that this averment would
not support a judgment for want of a sufficient affidavit
of defense. As the court pointed out: "For aught that
is averred the note may have been duly protested, and
yet defendant, as indorser thereof, may not have been
notified of the demand and the maker's refusal to pay,
etc." Here the exhibit shows a proper notice to the
indorser. There is no conflict between that case and
our present conclusions. In *Link v. Bergdoll,* 35 Pa.
Superior Ct. 155, the question involved was the suf-
ficiency of an affidavit of defense. There the court re-
versed the judgment, holding the affidavit sufficient.

There are no equities disclosed here that would move
us to draw a fine distinction in order to strike off this
judgment. Almost three years intervened between the

date of the entry of judgment and the application to strike off, during which time two executions were issued and a rule was taken for an examination of the defendants. In addition the defendant does not allege in her petition to strike off that she did not in fact receive due notice of dishonor.

Judgment affirmed.