## Ashton *versus* Bayard.

| 71      139|
|e 35 SC  623|

1. Coulter executed this paper: "Due on demand, &c., to Bayard or order, 100 shares S. N. stock," on which Ashton endorsed: "I hereby become security of Coulter, for the fulfilment of the within obligation." *Held* to be an original undertaking by Ashton, and Bayard might recover without proving diligence to pursue Coulter.

2. The dictum that the contract stated in Gilbert *v.* Henck, 6 Casey 205, was a guaranty, overruled.

3. Allen *v.* Hubert, 13 Wright 259, followed.

February 28th 1872. Before AGNEW, SHARSWOOD and WILLIAMS, JJ. THOMPSON, C. J., at Nisi Prius.

Error to the District Court of *Philadelphia*: No. 97, to January Term 1872.

This was an action of assumpsit brought October 24th 1870, by Charles P. Bayard against Samuel K. Ashton, on the following instruments:—

"Due on demand, after sixty days, to C. P. Bayard or order, one hundred shares of Schuylkill Navigation preferred stock.
STEPHEN COULTER.
Philadelphia, October 25th 1864."

"I hereby become the security of S. Coulter, for the fulfilment of the within obligation.                    S. K. ASHTON.
October 25th 1864."

On the trial, June 15th 1871, before Thayer, J., the plaintiff testified that Coulter wanted to borrow stock from him and he declined; Coulter said he would give defendant as security, and afterwards brought to plaintiff the due-bill with the defendant's agreement endorsed; plaintiff then lent him the stock; plaintiff had demanded the stock from Coulter and the defendant many times.

He testified as to the value of the stock and the number of dividends paid on it since the loan.

The court charged: That plaintiff could recover upon the instrument sued on, as an original undertaking, without proving diligence in an effort to pursue Coulter, and to recover the money from him.

The verdict was for the plaintiff for $6031.

The defendant, on the removal of the case to the Supreme Court, assigned the instruction of the court for error.

*D. W. Sellers*, for plaintiff in error, cited Gilbert *v.* Henck, 6 Casey 205; Kramph *v.* Hatz, 2 P. F. Smith 525.

*G. Junkin*, for defendant in error.—This was an original undertaking by defendant: Marberger *v.* Pott, 4 Harris 9; Allen *v.* Hubert, 13 Wright 259; White *v.* Howland, 9 Mass. 314; Hunt

[Ashton *v.* Bayard.]

*v.* Adams, 5 Id. 358; Reigart *v.* White, 2 P. F. Smith 438; Ams-baugh *v.* Gearhart, 1 Jones 482; Sherman *v.* Roberts, 1 Grant 261; Unangst *v.* Hibler, 2 Casey 150.   The lapse of time without suing principal is no defence for surety: Richards *v.* Common-wealth, 4 Wright 146; Johnston *v.* Chapman, 3 Penna. R. 18.

The opinion of the court was delivered, March 4th 1872, by

SHARSWOOD, J.—This case is on all fours with Allen *v.* Hubert, 13 Wright 259.   There the words, "I agree to become security for the faithful performance of the above agreement," were held to create a contract of suretyship—not of guaranty.   Here the words are "I hereby become the security of S. Coulter for the fulfilment of the within obligation."   There is no substantial dif-ference in the language of the two contracts.

It is supposed that Gilbert *v.* Henck, 6 Casey 205, is at variance. But the question of the character of the contract was not made or decided in that case.   As is well remarked by Mr. Justice Strong in Allen *v.* Hubert, it was not necessary to determine whether the instrument sued upon was an engagement of suretyship or of guaranty.   The court below had there held that the plaintiffs had given evidence of legal diligence when he showed that the principal debtor had been pursued to judgment and a return of *nulla bona*, and that ruling was affirmed by this court.   There is nothing to overrule in Gilbert *v.* Henck, but the opinion expressed by Mr. Chief Justice Lowrie, an opinion which cannot stand the test of comparison with Amsbaugh *v.* Gearhart, 1 Jones 482; Marberger *v.* Pott, 4 Harris 9; Sherman *v.* Roberts, 1 Grant 261; Camp-bell *v.* Baker, 10 Wright 243; Allen *v.* Hubert, 13 Id. 259; Reigart *v.* White, 2 P. F. Smith 438.

Judgment affirmed.