## Eagle v. Armstrong et al.

*Practice Act, 1915 — Statement — Evidence — Material allegations — Exhibits.*

1. The Practice Act of May 14, 1915, P. L. 483, requires the filing of copies of all notes, contracts or book entries when the same are a part of the cause of action. Whether the copies will become evidence in the case depends upon the subsequent developments.

2. A statement of claim is defective that contains the evidence of a cause of action, and a rule to strike it off will be made absolute.

3. The undisputed facts in the statement, affidavit of defence and plaintiff's reply will be admitted in evidence, provided they are relevant to the issue raised thereby.

4. Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, contains the rules that are to be followed with reference to admissions in the pleadings.

5. Exhibits filed with the pleadings should not contain advertising matter, and the items should follow each other consecutively, to the end that the record of the exhibits may be as concise as other parts of the statement, and a statement will be stricken off that offends in this respect.

6. The Practice Act of 1915 is mandatory, and the provisions of the 5th section thereof must be strictly followed. Evidential matters and irrelevant matters cannot be treated as mere surplusage.

7. A material allegation in a pleading is one essential to the claim or defence which could not be stricken from the pleading without leaving it insufficient.

*Assumpsit.* Rule to show cause why statement should not be stricken from the record. C. P. Northampton Co., June T., 1921, No. 129.

*Dallett H. Wilson, Edmund R. Castellucci* and *Charles C. Lark*, of the Northumberland County Bar, for plaintiffs.

*Smith, Paff & Laub* and *Floyd B. McAlee*, for defendants.

STEWART, P. J., Dec. 5, 1921.—On the application of the defendants, the court granted a rule to strike from the record the statement in this case "for the reason that it violates the Practice Act of May 14, 1915, P. L. 483, in that paragraphs 4th, 5th, 6th, 7th and 8th of the statement contain more than one material allegation, and also for the reason that the statement pleads evidence and is not confined to regular pleading." This suit is based upon the paper referred to in paragraph 5th of the statement as Exhibit "A." That exhibit is in the form of a letter under seal, and it would seem to us, although the matter was not argued by counsel, to be an original undertaking. See Carey v. Sheldon et al., 2 Pennypacker, 330; Woods v. Sherman et al., 71 Pa. 100; Ashton v. Bayard, 71 Pa. 139, and National Bank v. Thomas, 220 Pa. 360. At the close of the agreement it is provided as follows: "The intent hereof is that, in the event that said customer fails or omits to pay any bills as rendered to him by you, the undersigned shall, on demand, pay the same up to the amount of this guaranty." The customer referred to therein was the Myera

Silk Company, and the subject-matter of the agreement was purchases of merchandise by the Myera Silk Company from the plaintiffs in this suit, and the guaranty of the payment thereof, whether evidenced by book account, notes, drafts, debts and obligations of any kind. The cause of action, therefore, covers not only Exhibit "A," but the establishment of the debt of the Myera Silk Company to the plaintiffs herein, and where that debt is evidenced by notes, contracts or book entries, copies of the same must be attached to the pleadings as provided by the 5th section of the Practice Act of 1915. That provision does not make the copies evidence. It makes them a necessary part of the statement. Whether they will become evidence in the case depends on subsequent development. The learned counsel for the defendant relies upon New York and Pennsylvania Co. v. New York Central R. R. Co., 267 Pa. 64, in support of his position. In that case it was held: "Where a statement of claim is defective in averring the evidence of a cause of action rather than the cause itself, defendant's remedy is to move to strike it off under section 21 of the Practice Act of May 14, 1915, P. L. 483, and a failure so to do must be deemed a waiver of the defect and cannot be asserted after a trial of the case." It had been previously held in Kress House Moving Co. v. George Hogg Co., 263 Pa. 191, that "the Practice Act of May 14, 1915, P. L. 483, does not require the details of matters intended to be proved, or the evidence relied upon, to be set forth in the pleadings. If a defendant desires greater particularity, he should move against plaintiff's reply in the manner provided by the statute. . . . A pleader is not obliged to aver his means of proof." In Federal Sales Co. v. Farrell, 264 Pa. 149, it was held: "Under sections 6 and 16 of the Practice Act of May 14, 1915, P. L. 483, the undisputed facts appearing by the pleadings are admitted for all the purposes of the case with the same effect as if they were embodied in the statement of claim itself." In Ruth-Hastings Glass Tube Co. v. Slattery, 266 Pa. 288, Mr. Justice Simpson said, on pages 290 and 291, as follows: "Section 16 of the Practice Act of May 14, 1915, P. L. 483, provides that 'neither party shall be permitted at the trial to make any defence which is not set forth in the affidavit of defence or plaintiff's reply, as the case may be,' except where the action is trespass or the defendants are fiduciaries. This section has worked a wise and vital change in practice, though some of the profession do not seem to appreciate it. Except where court rules provided otherwise, the only purpose of an affidavit of defence under the prior law was to prevent summary judgment. Under this section, however, it is an essential part of the pleadings, and the court below should refuse to admit evidence upon any issue not raised thereby." In Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, Mr. Chief Justice Moschzisker reviewed this whole matter of evidence, and has prepared a syllabus which must prove of great value to judges and lawyers in the trial of cases. After considering the matter carefully, so far as Exhibit "B" is concerned, the statement does not offend against the Practice Act. As a new statement will have to be filed, we take occasion to call attention to that exhibit. It consists of 112 separate sheets of paper, most of them lithographed headings, with a nicely executed picture of the plaintiffs' works on the left hand, and an equally beautiful picture of their office building in New York on the right hand, and the printed matter contains the usual advertisement of the business and location. This advertising matter, by actual measurement, takes up more than one-third of the entire sheet, and in some instances the typewritten matter on a sheet takes but two lines. The rest is advertising matter and blank space. The result is that we have an unsightly mass of papers that are to be kept and preserved among the records of this county. We have a

1 D. & C.

rule of court as to the quality of paper and the size of the sheets which the prothonotary is permitted to file, but it does not seem broad enough to cover the present case. If this case were an isolated one, we would say nothing about the matter, but the practice of preparing exhibits in this way seems to be on the increase, and as each court has power to prevent unnecessary padding of its files, we shall insist in this case and in subsequent cases that the copies shall be copies of books of original entry, and that they shall be written consecutively so as to reduce the size of the statement to reasonable limits.

The other objection to the statement is that the 4th, 5th, 6th and 7th paragraphs offend, in that each one of them contains more than a single allegation. We examined this matter very carefully, and gave the result of our views in Vincent, Admin'x, v. Kuebler's Sons, 29 Dist. R. 85. Since then we have examined a great many opinions of the lower courts and all that we could find handed down by the higher courts. We see no reason to depart from our prior opinion. The Practice Act has been held by all judges to be mandatory. In Fulton Farmers' Ass'n v. Bomberger, 262 Pa. 43, Mr. Justice Simpson said, on page 46, as follows: "Defendant now avers that the statement of claim is insufficient because not a concise statement as required by the act of assembly. He fails to draw the distinction between conciseness and brevity. In the nature of the case, this statement could not be brief." In Parry v. First National Bank of Lansford, 270 Pa. 556, Mr. Chief Justice Moschzisker has written another elaborate opinion, evidently for the general good. In fact he said: "This appeal involves some nice points of practice; therefore, we have gone into the several questions which present themselves more at length than is usual in affirming an order such as the one now before us." That case was a rule for judgment for want of a sufficient affidavit of defence. The whole opinion should be studied. In the syllabus it was held: "To entitle one to judgment for want of a sufficient affidavit of defence, his statement of claim must aver in clear and concise terms all facts essential to support the judgment asked; it must be such that judgment may be taken and liquidated upon data which it furnishes. There is nothing in the Practice Act of May 14, 1915, P. L. 483, which requires a departure from this rule. . . . The filing of an affidavit of defence does not constitute a waiver of defendant's right subsequently to rely upon the insufficiency of plaintiff's statement of claim, when the latter asks for judgment on the pleadings. The Practice Act of May 14, 1915, P. L. 483, treats the affidavit of defence as a plea. In an action of assumpsit against a bank to recover a money judgment for certain stocks and bonds alleged to have been deposited with defendant, the statement is defective and requires no affidavit of defence, if it sets up a claim practically in tort for trover and conversion and does not sufficiently liquidate the damages to give the court a proper basis upon which to enter judgment." An example of plaintiff's defective allegations is given on page 561. The first clause of section 8 of the syllabus of that case bears on the present case. Some of the judges have treated immaterial matters in the statement as a mere surplusage even since the Act of 1915, but in view of this last decision of the Supreme Court, it will not do to hold any matters to be surplusage. They either are a part of the statement or not. The only qualification is that expressed by Mr. Justice Simpson, supra, when he refers to the statement being as brief as the nature of the case will permit. We shall apply the same rule that we applied in Vincent, Admin'x, v. Kuebler's Sons, 29 Dist. R. 85, which was practically that relied on by the learned counsel for the plaintiffs here, citing Rosenblatt v. Weinman, 230 Pa. 536, which case, of course, was under the Act of May 25, 1887, P. L. 271. Does the 4th paragraph contain more than

one "material fact" or "material allegation?" "A material allegation in a pleading is one essential to the claim or defence and which could not be stricken from the pleading without leaving it insufficient:" Tucker v. Parks, 7 Col. 62; Barret v. Godshaw, 12 Bush (Ky.), 592; Rhemke v. Clinton, 2 Utah, 230; Lusk v. Perkins, 48 Ark. 238. Tested by that definition, paragraphs 4, 5 and 6 are defective, as each contains more than a single material allegation. Simple statements that the Myera Silk Company purchased goods of the plaintiffs, and at the time the defendants guaranteed the payment of the same by executing Exhibit "A," and that the silk company had not paid plaintiffs for the same, together with a corrected Exhibit "B" from plaintiff's books of original entry, would seem to us to be all that these paragraphs 4, 5 and 6 should contain. They would then be in conformity with Rosenblatt v. Weinman, 230 Pa. 536, and would not offend against the Practice Act of 1915. Without particularizing all the defects, by way of illustration only, what bearing in an action of assumpsit does the desire of the Myera Silk Company to purchase goods and the plaintiff's doubt of the silk company's financial responsibility have on the defendants' liability? What difference does it make that the defendants herein may have induced the plaintiffs to sell the silk company goods or assured them that they would protect the plaintiffs, except in so far as the defendants are bound by the written agreement Exhibit "A?" Why should there be more than a simple averment in paragraph 6 of the debt of the silk company to the plaintiffs? If this were an action of fraud or of deceit, some of the matters set forth in these paragraphs of the statement would be essential to the cause of action, but they are not essential in assumpsit. We sustain defendants' contention as to the 4th, 5th and 6th paragraphs. The 7th and 8th paragraphs are unobjectionable. We make the same order that we have made in many cases.

And now, Dec. 5, 1921, rule is made absolute and statement stricken from the record. Leave is granted to file a new statement within fifteen days from this date.

From Henry D. Maxwell, Easton, Pa.