## Baldwin v. Magen, Appellant.

*Contract—Contract of employment—Construction—Province of court and jury—Repugnant clauses—"Gross profits."*

1. The construction of a written contract of employment is a matter of law for the court.

2. Where the whole of the agreement or understanding between the parties is before the court in writing and it is unnecessary, for any reason, to resort to evidence dehors the written contract, the court must construe the contract and not leave it to the jury for interpretation.

3. When one intention appears in one clause in an instrument, and a different, conflicting, intention appears in another clause in the same instrument, that intention should be given effect which appears in the principal or more important clause.

4. Where a contract of employment expressly provides for an engagement for two years, the court should so construe the agreement.

5. Where the expressions "gross profits" and "net profits" are used in a contract of employment in connection with commissions

on sales, the court should advise the jury as to the meaning of the words in the light of the proofs, particularly if they relate to bad debts. When bad debts are clearly shown, they should be deducted in order to establish net profits.

Argued January 8, 1924.   Appeal, No. 22, Jan. T., 1924, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1921, No. 2300, on verdict for plaintiff, in case of William F. Baldwin v. Harry Magen, trading as Magen Hardware Co.   Before FRAZER, WALLING, SIMP-SON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Assumpsit for commissions under contract of employment.   Before McDEVITT, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,174.82.   Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment n. o. v. for defendant, quoting record.

*Owen J. Roberts,* with him *Joseph Moss,* for appellant.—The court was clearly wrong in submitting the question to the jury what the written contract meant: Straus v. Wanamaker, 175 Pa. 213; Osler v. Bennett, 33 Pa. C. C. R. 193; Watson v. Blaine, 12 S. & R. 131; Foster v. Berg & Co., 104 Pa. 324; Shafer v. Senseman, 125 Pa. 310; Standiford v. Kloman, 234 Pa. 443; Societe v. Loeb, 239 Pa. 264.

It was incumbent on the trial judge to state what is the meaning of the phrase "gross profits": Shafer v. Senseman, 125 Pa. 310; Wells Whip Co. v. Ins. Co., 209 Pa. 488; Sims's App., 44 Pa. 345; Thomson v. Ins. Co., 4 Pa. Dist. R. 382; Sparks v. Pittsburgh, 159 Pa. 295; St. John v. Ry., 89 U. S. 136; Hentz v. Penna. Co., 134 Pa. 343; Lytle v. Somers, etc., Co., 276 Pa. 409.

*Oswald M. Milligan,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, February 4, 1924:

On the oral argument it was virtually conceded by defendant's counsel that, in the view then taken, his position, that judgment should be entered in his client's favor, was not tenable. Our further study of the record confirms this conclusion and leaves for consideration but one question: Was the construction of the contract on which suit was brought for the court or for the jury, to whose interpretation the trial judge submitted its controlling provisions?

The writing evidenced the agreement of the parties upon the terms of plaintiff's employment by defendant as manager of one of the departments of the latter's hardware business. As originally drawn, the contract was for one year, but, before it was signed, the word "one" was erased and the word "two" inserted. There is no contention that the actual employment was not for two years and plaintiff served appellant for that period, less a few days. The agreement stipulated for the payment to plaintiff of a weekly salary and further that the net profits of the department should be divided in certain contingencies between the parties; it also provided the method by which the net profits were to be ascertained. Following the main body of the contract and signed at the same time, there was a clause in the handwriting of plaintiff denominated "addenda," differing slightly in wording on the two copies, but which on both provided in substance that if the employment continued for two years, plaintiff should be paid five dollars additional weekly salary; this he received during the second year. Although the evidence did not clearly show the fact, it would seem to be that the "addenda" was added while the contract provided for one year's employment, as it says, "If both parties to the above agreement hereby agree to continue this agreement for two years," etc.

In his statement of claim, plaintiff set forth net profits made in the first year amounting to $11,685.82 and

claimed a commission due thereon under the terms of the contract of $3,174.82. He disregarded the second year entirely. Defendant contended, and his proof went to show, that during the second year losses were incurred which to a large extent wiped out the profits made during the first year. He urged upon the trial judge that the contract was an entire one covering a period of two years and that he as a matter of law should so instruct the jury. This the court declined to do, but submitted for their determination, whether the contract was for one year or two and whether the commissions should be calculated on the basis of one year's net profits or on those of the two years, taking the position that the interpretation of the contract was for the jury and not for him because of the discrepancy in the "addenda" in the two copies, saying to them, "I call your attention to a discrepancy that appears in the two copies [quoting each]. Just how much, if at all, this difference in the wording of the two copies supports the contentions of one side or the other, is for you to determine......The first question you will have to determine is whether the contract between Baldwin and Magen was a contract for one year, renewable for a second year; or whether it was a contract for the term of two years." With this view we cannot agree. The contract by its express words was for two years. "Baldwin covenants and agrees to......act as manager of [the department] ......for the term of two years." Nothing in the "addenda" altered this undertaking. While it reads, "If both parties to above agreement hereby agree to continue this agreement," the unquestioned fact is that they had so agreed by the very terms of the contract. The discrepancy in the added clause does not take the written agreement out of the rule requiring it to be construed by the court, not the jury. "The general rule is that construction of a writing is for the court. Where, however, the meaning of a writing is uncertain or ambiguous, and parol evidence is introduced in aid of its

interpretation, the question of its meaning should be left to the jury......Also if such uncertainty or ambiguity as there may be in a writing does not arise from, and cannot be solved by, any special local meaning of the words used, or any usage or surrounding circumstances, the court will deal with the matter itself, as the difficulty of construction must be solved from the writing alone": 2 Williston on Contracts, section 616, p. 1193. Where all of the agreement or understanding between the parties is before the court in writing and it is unnecessary for any reason to resort to evidence dehors the written contract, the court must construe the contract and not leave it to the jury for interpretation: Foster v. Berg, 104 Pa. 324; Shafer v. Senseman, 125 Pa. 310; Standiford v. Kloman, 234 Pa. 443; Societe v. Loeb, 239 Pa. 264. The construction of a written contract of employment is a matter of law: Kelley v. Delaware, Lackawanna & Western R. R. Co., 270 Pa. 426. Even if it be admitted that the clause which was added to the contract is inconsistent with the previous provision of the agreement that the employment was for two years, the rule would apply that if two clauses in a contract are repugnant, the first is accepted and the latter rejected: Straus v. Wanamaker, 175 Pa. 213. Concerning this rule, Mr. Williston says (Contracts, vol. 2, section 624, p. 1208): "It is obvious, however, that such a rule is extremely artificial, and can only be accepted as a last resort. In most recent cases where it has been applied, the later clause was inconsistent with the general purpose of the contract, and for this reason alone might have been disregarded......The true rule seems to be as stated in a recent Maine decision [Union Water Power Co. v. Lewistown, 101 Me. 564, 65 Atlantic 67]: 'When one intention appears in one clause in an instrument, and a different, conflicting, intention appears in another clause in the same instrument, that intention should be given effect which appears in the principal or more important clause.'" In construing the agreement, the

court should have told the jury that it was an entire contract for two years and that the provisions as to net profits and commissions thereon were to be applied to the two-year period and not to a single year.

As the case goes back for another trial, it would seem to be proper to say that the court in construing the contract should advise the jury as to the meaning of the expressions "gross profits" and "net profits" in the light of the proofs as they are adduced, particularly as they relate to bad debts. Where such are clearly shown, they should be deducted in order to establish the net profits.

The first, second, third and fourth assignments of error are sustained and a new trial is granted.