Carroll *v.* Santamarie, Appellant.

Argued October 9, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Joseph G. Denny, Jr.*, for appellant.

*Otto Robert Heiligman*, for appellee.

OPINION BY TREXLER, J., December 14, 1928:

This is an action of assumpsit. Both parties were agents of the Mutual Life Insurance Company and their offices were close together. In April, 1920, the defendant came to the office of the plaintiff and asked him if he knew a Mr. Schisler and a Mr. Young and receiving an affirmative reply, he asked the plaintiff if he would introduce him to them for the purpose of

writing insurance. The defendant had met the men before, but this was a request that the plaintiff introduce him so that he might open the subject of 'insurance. The commissions, if insurance were effected, were to be divided. They succeeded in procuring insurance for Mr. Shisler and they divided the commissions half and half. Mr. Young introduced them to his son-in-law and he was insured and again the commission's were divided. Mr. Young, in turn, was insured and the policy prepared, but for some reason a dispute arose and the check which Mr. Young gave for the premium of the policy was destroyed and the following oral agreement was had: "We will try again and in the mean time if either one of us happens to get near him and see him, we will try to write him and divide the commissions." In December, 1924, the defendant obtained a policy for Mr. Young, but gave the plaintiff no part of the commissions. The plaintiff in the meanwhile had seen Mr. Young twice for the purpose of insuring him, but had been unsuccessful. The jury believed the story given by the plaintiff and upon the face of matters, he is entitled to recover in accordance to the agreement that if either obtained the insurance for Mr. Young, the other party should have half.

The defendant takes the position that the evidence does not establish a contract sufficiently definite for enforcement, that at the most, it is a mere promise to make a gift unsupported by consideration. It seems the consideration was the promise of each party to turn over to the other half the commissions in the event that either would insure Mr. Young. It was in the nature of a joint undertaking. It was contingent, but not indefinite. If the contingency never occurred, then the contract would not be enforced, but if it did, then payment was definitely fixed. The agreement between the parties, as to other risks, had been the same and had been carried out by a division of the commis-

sions. If they had gone jointly to Mr. Young and secured the insurance, there would be no question as to the matter. The fact that the plaintiff had gone twice and failed and subsequently the defendant went and procured the insurance and the visits were made separately instead of together, does not, we think, change the matter. The agreement to "divide" the commissions as standing alone was indefinite, but the previous dealings of the parties gave a construction to the word "divide" and showed that the intention was to divide equally. Evidently, each thought that they had a share in Mr. Young's insurance and having devoted some endeavor to get it, they felt that they were entitled to half of the proceeds if Mr. Young eventually decided to take the insurance. The fact that the agreement continued from 1921 to 1924 is not unreasonable. There was no particular designation as to the time the contract was to continue, but that is not essential. An offer to terminate if unequivocal and made in good faith and without concealment would, we think, have been sufficient to end it. See Rosenblatt v. Weinman, 225 Pa. 200; Rosenblatt v. Weinman, 230 Pa. 536.

The defendant contends that the agreement to divide commissions, violates the insurance code prohibiting the trafficing in commissions. We do not think that this position is tenable. The Act of May 17, 1921, P. L. 789, is directed to the offering of rebates either directly or indirectly so that cheaper insurance may be offered to the applicant for insurance than is called for in the policy. The agent may not rebate the premium by sharing part of his commissions to the intended insurer. There is no provision against two licensed insurance brokers sharing commissions in a joint enterprise in effecting insurance.

The assignments of error are overruled and the judgment is affirmed.