Dougherty et al. *v.* Proctor & Schwartz,
Inc., Appellant.

Argued December 4, 1934.  Before FRAZER, C. J.,
SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN,
JJ.

364

*Morton Z. Paul,* with him *Ralph N. Kellam* and *Charles J. Hepburn,* for appellant.

*Ralph B. Evans,* for appellees.

OPINION BY MR. JUSTICE KEPHART, January 7, 1935:

The H. C. Aberle Company, hosiery manufacturers, desiring to move several large and heavy pieces of machinery from one part of their plant to another, consulted appellant, Proctor & Schwartz, Inc., from whom they had bought the machines, for expert advice as to the manner of moving. Pointing out that it was dangerous to move the machines without taking them apart, Proctor & Schwartz, suggested that they should send one of their skilled mechanics to do the work, at a charge of $1.75 an hour for the man's time. The Aberle Company agreed to this arrangement, and subsequently Proctor & Schwartz sent a written acknowledgment of the order. In the moving of the machines, one of them fell upon the minor plaintiff, and to recover damages for the injuries thus sustained, her father, as next friend of his daughter and in his own right, brought this action against Proctor & Schwartz, who now appeal from the judgments entered against them below. The facts relating to the accident need not be stated in detail as no question of negligence is here raised. Moreover, a case involving the same accident was before the Superior Court in Festi v. Proctor & Schwartz, Inc., 107 Pa. Superior Ct. 349; in that case we refused an allocatur from the Superior Court which affirmed the

judgment of the court below in favor of plaintiff. While the refusal of an allocatur in an appeal from the Superior Court does not bind this court as to the questions of law involved even in another proceeding concerning the same set of facts, nevertheless the decision of the Superior Court is especially persuasive when, as in the case at bar, the same facts and legal questions are presented to us: Kraemer v. Guarantee Trust & Safe Deposit Co., 173 Pa. 416.

The Superior Court held in the Festi Case that the question as to whether Taylor, the man sent by appellant to move the machines, was a servant of the Aberle Company in doing this work or a servant of the appellant was one for the jury to determine, and that there was sufficient evidence to sustain the jury's finding that he was the servant of appellant. Appellant here hopes to avoid the conclusion reached by the Superior Court by showing that in this case the evidence was different. In the Festi Case this appellant submitted no evidence. In the case before us appellant submitted evidence on this point, but all that it amounts to is a contradiction of appellees' testimony. If true, Taylor was not acting as appellant's agent at the time of the accident, but the credibility of the witnesses was clearly for the jury. The evidence presented by appellant was not of the quality that could control the case as a matter of law; as it was all oral testimony, it was bound to go to the jury.

So much has been written on the subject of a loaned servant, that it is unnecessary to repeat what is said in the Superior Court's opinion. There was ample evidence in the case on which to base the conclusion of the jury: that at the time of the accident Taylor was an employee of appellant and not of the Aberle Company, in whose plant he was working and whose machines he was moving. While six or seven laborers, as well as lumber and tools, were furnished him by the Aberle Company, the work was done under Taylor's

direction without any supervision from the company; the employees of the company merely obeyed his orders. The proper interpretation of the situation is, we think, that appellant, anxious that the work be done properly, decided to do it themselves, and sent their man, Taylor, to take charge of its execution, while the Aberle Company loaned to appellant laborers to assist Taylor.

Appellant urges that, in allowing the jury to determine, from the facts, whose employee Taylor was at the time of the accident, the court below really permitted the jury to construe the contract between the Aberle Company and appellant with regard to the moving of the machines. While it is true that the interpretation of a written contract is for the court and not for the jury (McColligan v. P. R. R. Co., 214 Pa. 229; Kelley v. D., L. & W. R. R. Co., 270 Pa. 426; Baldwin v. Magen, 279 Pa. 302), the interpretation of such a contract is not the matter here involved. Appellant's letter to the Aberle Company is merely the acknowledgment of an order. The contract between them consisted of the letter together with the conversations previously had concerning the work, and therefore their agreement must necessarily be determined from these conversations as well as from the letter. Hence, it was for the jury to decide from all the evidence what the agreement was: see 2 Williston, Contracts, section 616. Even if the letter contained the full contract between the parties, and its interpretation was a matter for the court, it provided that a man should be sent to dismantle and re-erect the machines, and Taylor was doing that very thing at the time of the accident; the machines had reached their destination and were being re-erected. The only matter not specifically stated in the letter, and the only one with which this litigation is concerned, is: Whose employee was the man sent to do the work? As Judge FINLETTER said in his charge to the jury, all other questions of agency are moot or academic. The agreement set forth in the letter was that appellant

should send a man to the Aberle Company to do a specific job, for a certain price to be paid to appellant; the natural interpretation of such an agreement, if the letter be considered as the complete contract, is that appellant was to dismantle and re-erect the machines, and the man sent by it to do the work was to be its employee. It was while the man assigned to that job was doing it and, the jury found, as a result of his negligence, the minor plaintiff was injured. But we conclude, as did the court below, that the question of appellant's negligence was for the jury, and that having been decided against it, we are bound by their decision.

The other questions argued in appellant's brief, mainly as to the alleged excessive verdicts, are not raised in either the assignments of error or in the statement of questions involved, and will not, therefore, be considered.

Judgments affirmed.