## Pears *v.* Shannon, Appellant.

Argued January 17, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*John A. Metz,* with him *John A. Metz, Jr.,* for appellant.

*Harvey A. Miller,* of *Miller & Nesbitt,* with him *Herbert H. Hawkins,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 21, 1938:

In this action of assumpsit, based upon a written contract, plaintiff recovered a verdict for $22,307.22; from the judgment entered thereon defendant appeals.

The contract is dated May 8, 1930, and reads: "Agreement between C. I. Shannon and John P. Pears as follows: On condition that John P. Pears purchases 2,000 shares of Arkansas Gas Company—Class 'A' stock on his own account, and agrees to carry same for a period of three months from date, subject to C. I. Shannon's orders to hold or sell, C. I. Shannon guarantees John P. Pears against loss if stock is sold below purchase price, and it is mutually agreed in case the stock is sold at a profit, that both parties participate equally in the net profit. [Signed] Christian I. Shannon. John P. Pears."

The contract was entered into on the proposal of defendant, who prepared it. Plaintiff purchased the stock at a cost to him of $25,350, raising the money on his note for that amount, with the stock, and other securities be-

longing to him, pledged as collateral to the bank which discounted the instrument.

The stock declined in value and on May 1, 1931, the bank called on Pears for more collateral. Shannon, upon Pears' request, delivered to him 1,000 additional shares of the stock, which belonged to Shannon, which were used as additional collateral on the note. Subsequently, the bank called for further collateral, which the parties were unable to furnish, and all the pledged securities were sold for $9,742.50, entailing a loss to Pears, including interest, of $22,307.22. It is to recover this loss that this suit was brought.

The defense attempted to be made by Shannon is, that the parties contemplated a joint speculative venture for a period of three months and no longer, and that his liability at most does not exceed $1,000, being the difference between the price of the stock on the day the three months ended and the alleged value of the additional collateral which he subsequently put up.

Such a defense did not and should not prevail. The contract is not reasonably capable of such a construction. It is a contract of indemnity against loss in a stock speculation in consideration of the right to share in prospective profits. No date having been fixed for its determination, either party could have ended it at any time after the three months: *Rosenblatt v. Weinman,* 225 Pa. 200, 74 A. 54; *Rosenblatt v. Weinman,* 230 Pa. 536, 79 A. 710. Its construction was for the trial judge; *Baldwin v. Magen,* 279 Pa. 302, 123 A. 815; *Dougherty v. Proctor & Schwartz, Inc.,* 317 Pa. 363, 176 A. 439, who mistakenly, in the first instance, referred its meaning to the jury, but on second thought, in his opinion construed it himself.

It was Shannon who proposed and wrote the agreement and he provided in it that he was to have control for a period of three months over whether the stock was to be held or sold. He did not stipulate that it should

be *sold* within three months, only that Pears should carry it for at least that length of time. Not having directed its sale within that period, it is obvious that he, Shannon, acquiesced in Pears continuing to hold it. Moreover, the subsequent conduct of the parties shows that he did. On Pears' request, on May 1, 1931, he turned over to him 1,000 shares of the stock to be used as additional collateral on the note. While he alleges that this transaction by Pears' agreement settled any claim that Pears might have against him, Pears testified otherwise and the jury credited his statement, not that of Shannon, which is not remarkable, because another paper in the record indicates that his story is an afterthought. He had promised to bear all the loss and he cannot escape the obligation which he himself penned by anything he has shown.

The trial judge could properly have given binding instructions for plaintiff. In view of this, criticisms of the charge are of no moment.

Judgment affirmed.