Kolman, Appellant, *v.* Kolman, Admrx., et al.

Argued April 17, 1939. Before KEPHART, C. J., SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*Irvin Stander,* for appellant.

*William T. Conner,* with him *John R. K. Scott* and *Hardie Scott,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, May 25, 1939:

Rebecca Kolman and Wolf Kolman entered into an antenuptial agreement on August 31, 1921. They married September 12, 1921. He died December 19, 1931. She brings this action against herself as administratrix of his estate to recover the sum of $45,331.97, claimed to be due her for her share of rents of properties jointly owned by them and collected by him and for his failure to discharge liens against the properties, which it is alleged he had covenanted to do. Robert Kolman, son of defendant, was permitted to intervene as party defendant, and filed an affidavit of defense raising questions of law, which the court below decided in his favor and entered judgment for him. We have this appeal by plaintiff.

There are two agreements between the parties, the antenuptial one and another dated October 29, 1930. Being in writing, their construction was for the court:

*Baldwin v. Magen,* 279 Pa. 302, 123 A. 815; *Dougherty v. Proctor & Schwartz, Inc.,* 317 Pa. 363, 176 A. 439; *Pears v. Shannon,* 329 Pa. 278, 198 A. 307.

The antenuptial agreement recited that Kolman was to convey to his intended spouse a one-half interest in six pieces of real estate owned by him, upon the understanding that she should have no dower rights or other interests in the half retained by him or in any other real or personal property that he may have. The agreement granted to her the one-half interest under and subject to the encumbrances then existing against the properties with the proviso that where there were building association mortgages Kolman should pay the monthly dues thereon until they were paid off, and where there were straight mortgages, the interest, taxes and water rents thereon should be paid out of the income. It was stipulated that Kolman should collect the rents and pay the carrying charges. There is no express provision in the agreement that the wife should receive one-half of the net income, but we think that is implied. The agreement states "after the death of the said Wolf Kolman she shall be absolute owner of her half of said property."

The agreement of October 29, 1930, is between Wolf Kolman, Rebecca Kolman and William Spiess. It recites the antenuptial agreement, that the parties to it are tenants in common and not tenants by the entireties, and that since their marriage they have acquired a property at Atlantic City in the latter relation; that Kolman has been managing the properties without keeping any accounts or making any accounting to his wife; that there are overdue taxes, interest, etc., thereon; that foreclosure has been threatened on one of them; that arrangements have been made for a new mortgage of $14,000, for the purpose of taking care of the arrearages and overdue obligations and for the payment of an individual indebtedness of Kolman amounting to $1,837.50. The writing provides that the parties have

agreed "to adjust the matter" upon the understanding that the rents of all the properties except one shall be collected by Spiess, that he is to pay from the income the carrying charges and that all surplus shall be divided between Kolman and his wife, subject to the proviso that all the net income shall be paid to her until she shall first have received the above mentioned sum of $1,837.50.

The court below decided that, in view of the recitals in this three party agreement, Kolman and his wife had made a settlement, that this agreement was intended to take the place of the antenuptial one and to definitely fix the rights of the parties, and that plaintiff is not entitled to an accounting under the antenuptial contract. With this determination we agree. It could not have been intended that Kolman should account for rents he had received prior to the agreement of October 28, 1930, in view of its provision that Spiess was to pay to Mrs. Kolman $1,837.50 out of the net rents collected by him "and thereafter all moneys shall be divided equally between them."

Plaintiff's claim that her husband covenanted to discharge the liens against the properties is based upon the provision in the antenuptial agreement that at his death she was to be absolute owner of the properties. No such interpretation can be given to this agreement. The words "absolute owner," as there used, referred to ownership of the equity and not to the ownership of the properties free and clear of all encumbrances.

It is also contended that plaintiff is entitled to a judgment against her husband's estate for $1,837.50, being the amount utilized under the terms of the 1930 agreement to pay a personal indebtedness of her husband. By the express terms of the agreement, however, the sum was to be repaid from the net rents of the properties. When and if the rents result in an excess over carrying charges, she will receive this sum, but she has no right of recovery for it against Wolf Kolman's estate.

At bar, appellant's attorney stated that he did not desire to file a further or amended statement of claim. This being so, the affirmance of the judgment for defendant is in order.

Judgment affirmed.