# Wolf *v.* La Roche Brothers, Inc., Appellant.

*Contract—Written instrument—Parol evidence.*

While a simple contract reduced to writing cannot be changed or modified by parol evidence of what was said and done, at the time it was made, it is competent for the parties to a written contract to change or modify its terms, as they are the only persons affected by it; and where a contract is partly in writing and partly in parol, it becomes a question for the jury to determine what the parties actually meant.

Argued Oct. 17, 1918. Appeal, No. 147, Oct. T., 1918, by defendant, from judgment of Municipal Court of Philadelphia, Jan. T., 1918, No. 573, on verdict for plaintiff in case of Joseph A. Wolf v. La Roche Brothers, Inc. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit. Before GORMAN, J.

From the record it appeared that the plaintiff had leased from the defendant on an installment, prior to the transaction in question, an automobile on which there was a balance due of unpaid rent. The plaintiff offered the defendant to trade the leased machine for another machine, agreeing to pay a certain amount of cash, which was paid, and to sign an installment lease for the remainder of the money. He signed a lease in the usual form and gave notes as collateral for the rent. The machine proving unsatisfactory he returned it and demanded back his money, which the defendant refused. The plaintiff then undertook to return the second car provided the defendant would cancel the note and lease on the second machine, give a clear bill of sale on the first machine and make delivery thereof. The plaintiff after he had received his machine and the bill of sale brought suit for the balance of the money that he had paid in rent for the second automobile.

Verdict for plaintiff for $151.87 and judgment thereon. Defendant appealed.

*Error assigned* was in refusing binding instructions for the defendant.

*W. Horace Hepburn,* for appellant.—The written contract covered the entire transaction and the plaintiff cannot contradict it: Dorris v. Coal Company, 215 Pa. 638; Faux v. Fitler, 232 Pa. 33; Butler v. Keller, 19 Pa. Superior Ct. 472; Martin v. Berens, 67 Pa. 459; Fuller v. Law, 207 Pa. 101.

*F. Carroll Fow,* and with him *Nathan Griffith,* for appellee.

OPINION BY ORLADY, P. J., February 28, 1919:

The plaintiff brought suit to recover a certain sum of money alleged to be due from the defendant on a transaction involving the exchange of automobiles. On the trial it developed that machines were exchanged, money paid, promissory notes given and surrendered through a number of agreements, oral and in writing, but so interwoven as to their terms and consideration that they must all be considered as a part of the transaction. It is true, that a simple contract reduced to writing cannot be changed or modified by parol evidence of what was said and done by the parties to it at the time it was made, as the very purpose of such a writing is to render the agreement sound and to exclude parol evidence of it. But it is competent for the parties to a contract in writing to change or modify its terms, as they are the only parties affected by it. The degree or sufficiency of proof in such case is fixed by well-established rules of law. Where the contract, as in this case, was partly in writing and partly in parol, it becomes a question for the jury to determine what the parties actually meant.

The undisputed evidence in this case indicates that several executory contracts were made, but each so related to the other that all must be considered to determine what the final contract was. The parties differed as to the terms, and this dispute was submitted to a jury in a charge that is free from error, and the only assignment urged upon our attention is that the court refused to give binding instructions for the defendant.

We feel that the case was fairly submitted, and the judgment is affirmed.