Calderoni *v.* Berger et al., Appellants.

Argued November 26, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Norman J. Kalcheim,* with him *Fred G. Leebron,* for appellants.

*William T. Connor,* with him *Hardie Scott,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 6, 1947:

This is an appeal from an order dismissing defendants' motion for judgment n. o. v. in an action in assumpsit. The question is whether the plaintiff established an agreement by defendants to secure public liability insurance for plaintiff's protection.

Plaintiff purchased an automobile from defendants. His used car, at an agreed valuation, was accepted in part payment on account of the consideration. In addition, plaintiff agreed to pay a substantial cash payment and the balance in installments, under a bailment lease, assigned to a finance company. Three written papers, executed by the parties, are in evidence: (1) an agreement of sale (2) a bailment lease and (3) a receipt. The sales agreement dated March 21, 1939, recited the terms of sale. One of its items was that plaintiff was to furnish: *"fire, theft & 50.00 deductible Ins."* The bailment lease, dated April 1, 1939, provided "Lessee (plaintiff) agrees to keep and maintain insurance against loss by reason of *fire and theft,* to be placed by Lessor (defendants) and paid for by the Lessee (plaintiff) . . . ." The receipt signed by defendant and delivered to plaintiff was dated April 1, 1939 (the same date as the bailment lease). It acknowledges receipt of the used automobile taken in part payment, the cash payments, and recites the terms of the sales agreement. It also notes the name of the finance corporation and how the installments are to be paid. On it is typed: *"Includes property dam. & Liability also".*

Plaintiff testified (p. 47a) that on delivery of the automobile on April 1, 1939, he inquired of William Berger, one of the defendant partners, whether plaintiff was "completely covered for everything" and was

told by Mr. Berger "you can drive out of here completely covered." He testified further that Mr. Berger said that the property damage insurance had a "$35 deductible" clause, instead of $50. Plaintiff was asked (p. 48a): "Q. Did (Berger) mention the character of insurance that he was giving you? A. Yes, five and ten. He said he was going to give me five and ten liability, and property damage and fire and theft. That was included in my insurance which I asked for, and he said, 'you have it' ".

Plaintiff became involved in an accident. A judgment was secured against him, which the defendants, on notice, refused to pay. Plaintiff sued in assumpsit. The jury rendered a verdict in his favor. Defendants moved for a new trial and for judgment n. o. v. The court granted the motion for a new trial because the trial judge rejected evidence which the court in banc deemed relevant. No appeal is taken from this action. The complaint now is that judgment n. o. v. was refused.

It is defendants' contention that the bailment lease constitutes the *only* contract between the parties; that the preceding sales agreement was merely a step in the negotiations which merged in the bailment lease; that the receipt, dated the same day as the lease, constituted no part of the agreement; that therefore the parol evidence was improperly admitted because it was in violation of the parol evidence rule in that it attempted to vary the terms of a written contract. They rely upon *Gianni v. R. Russell & Co., Inc.,* 281 Pa. 320, 126 A. 791; *Speier v. Michelson,* 303 Pa. 66, 154 A. 127, and the numerous cases which follow them.

We do not regard the card from the finance company, signed by plaintiff, acknowledging notice of the assignment of the bailment lease, as conclusive evidence that the lease was the *only* contract between the plaintiff and the defendants, even though it is stated on the card that the plaintiff should "keep this certificate as evidence of insurance as details of insurance on the car are contained herein."

From the record in this case, it is clear that the parties did not intend the written bailment lease to constitute the final and complete contract between them. The sales agreement was the document that evidenced the sale, and its terms; the lease was the document which protected the defendants, and their assignees, against nonpayment of the installments under the contract; the receipt executed by defendants evidenced the receipt of payments which plaintiff made and specified what plaintiff had received and was to receive; the parol agreement between the parties specified what insurance plaintiff was entitled to and had received under the writings. There was an interrelation between the writings and the parol testimony which required the action of the jury to determine what was the contract between the parties: *Philadelphia to use v. George W. Stewart*, 201 Pa. 526, 530, 51 A. 348; *Dougherty v. Proctor & Schwartz, Inc.*, 317 Pa. 363, 366, 176 A. 439; *Wolf v. La Roche Brothers, Inc.*, 71 Pa. Superior Ct. 201, 203; *O'Neill v. Atlas Automobile Finance Corporation*, 139 Pa. Superior Ct. 346, 353, 11 A. 2d 782. See also: 3 Williston, Contracts, section 633; Wigmore on Evidence, Vol. 9, section 2556, p. 524; 17 C. J. S. section 619, p. 1289.

That the construction of this contract is a jury question is manifest. The issue is what insurance defendants agreed to supply. The agreement of sale states *fire, theft and property damage* ($50 deductible); the lease names *fire and theft;* the receipt states that it was *property damage and liability;* the parol evidence was that it was *property damage ($35 deductible), fire, theft and liability insurance for $5000 and $10,000.* In the words of Judge ORLADY, in *Wolf v. La Roche*, supra: such a situation ". . . *becomes a question for the jury to determine what the parties actually meant.*"

The motion for judgment n. o. v. was properly refused.

The order of the court below is affirmed.