## Specker *v.* Sun Ray Drug Co., Appellant.

Argued March 19, 1948. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Fine, JJ.

40

*Robert B. Wolf,* with him *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Edwyn H. Silverberg,* with him *Silverberg & Sarner,* for appellee.

OPINION BY RENO, J.: July 23, 1948:

Appellant challenges a judgment entered upon a verdict against it in an action of assumpsit brought by an employe for his annual bonus. The court below denied appellant's motions for a new trial and judgment n. o. v., and in our consideration of the case we have viewed the record in the light most favorable to appellee.

Appellee is a registered pharmacist, and from 1937 to January, 1946, was the manager of one of appellant's stores under a financial arrangement by which he received a stated salary plus a bonus at the end of each year. In 1944 his bonus amounted to $900. Early in 1945 the control of appellant corporation passed into new hands, and at a meeting of the managers of the various stores the new executives orally informed them that their continued services were desired and that the salary and bonus plans would be continued as good as, and if possible better than, in the past. This was confirmed by a letter dated March 29, 1945, in which appellant's vice president, referring to the meeting of the managers, stated, inter alia: "All existing privileges as to vacations, bonuses, etc., will be continued and wherever possible improved." Relying upon appellant's promises, appellee

remained in its employ until January 15, 1946, when he voluntarily resigned, and his action was for the bonus for 1945, payment of which had been refused.

In its affidavit of defense appellant denied the oral statements at the managers' meeting, admitted the letter, and averred that appellee was excluded from the bonus set aside "in accordance with its regular custom as to bonuses" on January 31, 1946, because, inter alia, he was not then in its employ. Appellee testified that in prior years appellant had regularly calculated the bonus at the end of the calendar year, and that payment was actually made at the beginning of the succeeding year. This issue of fact was submitted to the jury, and its verdict includes a finding that customarily the bonus was payable at the end of the year.

Appellant relies upon several legal propositions, only two of which require attention. Its first contention is that the oral agreement was merged into the written contract evidenced by the letter, and since the letter referred only vaguely and indefinitely to the bonus plan it did not afford sufficient basis for a recovery. Apart from the circumstance that appellant in its affidavit of defense denied that the letter constituted an agreement and was but "a statement of policy and intention", the contention is in another aspect untenable. The letter is not a complete contract on its face; it was not intended to be so; it referred to *"existing* privileges", and that phrase could be interpreted only in the light of antecedent arrangements. As was said in *Wetherill Bros. v. Erwin and Wagener Co.*, 12 Pa. Superior Ct. 259, 270: "A knowledge of facts outside the writing itself was necessary to a proper understanding of the words, *'conditions as heretofore,'* and as these matters of fact depended on oral testimony there was no error in submitting the whole evidence to the jury under proper instructions as to the legal effect of the writing, if they found the facts as claimed by the defendants". (Emphasis supplied.) The terms of the agreement were to

be found partly in the oral statement made at the managers' meeting and partly in the letter, and this interrelation of writing and oral utterance sent the case to the jury, whose verdict has settled the terms of the contract. *Calderoni v. Berger*, 355 Pa. 418, 50 A. 2d 332; *O'Neill v. Atlas Auto. Finance Corp.*, 139 Pa. Superior Ct. 346, 11 A. 2d 782. "Where the contract, as in this case, was partly in writing and partly in parol, it becomes a question for the jury to determine what the parties actually meant": *Wolf v. La Roche Bros. Inc.*, 71 Pa. Superior Ct. 201, 203.

Nor is there any substance to appellant's principal contention that the agreement is too vague to admit of enforcement. The letter referred to "existing privileges", and the existing privileges were ascertainable by determining what they had been in the past, and considering also to what degree they had been modified either orally or by writing. Moreover, the oral promise that bonus payments would be as good as those of previous years definitely fixed a minimum amount. The determination of the terms of the agreement rested upon the appraisal of the credibility of the witnesses, and the jury's verdict establishes that appellant's engagement was to pay appellee a bonus of at least $900.

The authorities relied upon by appellant do not control this case. In *Butler v. Kemmerer*, 218 Pa. 242, 248, 67 A. 332, the promise was that profits would be shared on a "very liberal basis", and it held that such an agreement could not be enforced, because: "There was no standard by which they [the jury] could measure the degree of liberality with which the defendant should reward the plaintiff." *Machen v. Budd Wheel Co.*, 294 Pa. 69, 73, 86, 143 A. 482, involved an agreement "to raise your [plaintiff's] salary from time to time in proportion to the increased use of the [plaintiff's] invention." The Supreme Court refused to enforce the agreement because, inter alia, "the alleged contract is [was]

too indefinite and uncertain to be enforced." *Seiss v. McClintic-Marshall Corp.*, 324 Pa. 201, 205, 188 A. 109, concerned a promise to plaintiff of "suitable employment for life," which was held to be too vague to be enforceable, since: "In any employment contract if the rate of pay is uncertain it will not be enforced."

As we have demonstrated, none of the indefinite features which condemned the promises in the cited cases are here present. This agreement was certain because it contained within itself the elements by which its terms and the standard of computation could be certainly ascertained. Certum est quod certum reddi potest.

A comparatively minor proposition may be dismissed in a word. Appellant contends that under its customary formula appellee's bonus would in no event have amounted to $900 in 1945. However, it did not show what his bonus would have amounted to under its method of calculation. Since the jury found an agreement to pay not less than $900 it was warranted in returning a verdict for that sum.

Judgment affirmed.