Widmer v. Widmer, Appellant.

Argued April 14, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J., absent).

*Hubert I. Teitelbaum,* with him *Abraham Fishkin,* for appellant.

*Louis Vaira,* for appellee.

OPINION BY GUNTHER, J., July 13, 1954:

The plaintiff sued his brother, and former employer, in assumpsit to recover a $2,000 bonus which had been promised him. The jury rendered a verdict in favor of the plaintiff, and the court below refused

defendant's motions for a new trial and judgment n.o.v.

The evidence revealed that the defendant hired the plaintiff in November, 1949, as an automobile salesman at $275 per month plus 5% of the monthly net income of the business and a Christmas bonus. The plaintiff worked through 1950 under this arrangement and received a Christmas bonus of $1,000. In September, 1950, his salary was increased to $350 per month. Sometime in January or February, 1951, the defendant prepared to go to California and to place the plaintiff in full charge of the business. At that time the defendant said that the plaintiff would get a Christmas bonus if he took care of the business. On defendant's return from California in June, 1951, he told plaintiff he would give him a $2,000 bonus at Christmas.

It is now urged that the promise to pay a $2,000 bonus was not supported by consideration and is unenforceable. Such a position is untenable. Consideration has been defined as a benefit to the party promising or a detriment to the promisee. The promise, according to plaintiff's testimony, was made before plaintiff took over full charge of the business. The evidence is specific in indicating the nature of the additional duties imposed thereby. Plaintiff had been hired as a salesman and was not required to perform these extra duties. In addition, he had complained to defendant that he wasn't making enough money. This promise of a bonus can therefore reasonably be construed as both an inducement to plaintiff to remain at work and to take full charge of the business in defendant's absence. This evidence is sufficient to establish consideration to support the promise and both a benefit and a detriment to the respective parties. The fact that there was no definite amount promised at

the time cannot operate to defeat plaintiff's claim. The antecedent arrangements were for a bonus of not less than $500 and there was actually a bonus paid of $1000, thus giving some background for a price. When defendant returned from his trip he set the amount definitely at $2000. Cf. *Specker v. Sun Ray Drug Co.,* 163 Pa. Superior Ct. 39, 60 A. 2d 400, in which there was a promise to continue existing privileges, including a bonus, but no specific sum was ever set.

The appellant also contends that there was a variance between the allegata and the probata. The complaint alleged only that the defendant promised plaintiff a bonus after his return from California, while the testimony showed that the promise was made before the defendant's trip. Such a variance is immaterial. The rule that pleadings and proof must conform to one another is for the purpose of enabling the defendant to prepare his defense by being informed of the issues in advance. *Aland v. P-G Publishing Co.,* 337 Pa. 259, 10 A. 2d 5. Substantial, material conformity is all that is required. *Rader v. Palletz,* 160 Pa. Superior Ct. 335, 51 A. 2d 344. The variance in this case could hardly be said to have affected the defendant's preparation of his case. The issue was whether the defendant promised plaintiff a bonus, and whether defendant was adequately notified of the basis of the claim, regardless of what month the promise was allegedly made.

Judgment affirmed.