## Baum v. Allstate Insurance Company

*Raphael Goldstein, Goldhirsch & Goldstein,* for plaintiff.

*Joseph R. Livesey, LaBrum & Doak,* for defendant.

McDEVITT, P. J., February 25, 1966. — Plaintiff brought this action in assumpsit against Allstate Insurance Company, alleging essentially that, because of the reliance by plaintiff on certain representations and promises made to plaintiff by defendant's agents, defendant is indebted to plaintiff in a sum equal to a fair and reasonable settlement of plaintiff's personal injury claim. Essentially, plaintiff relies upon general contract principles and Restatement, Contracts §90, and the Pennsylvania cases applying that section.

The facts on which this claim is based and which are pleaded in the complaint in assumpsit are as follows: On or about July 31, 1961, plaintiff was involved in an automobile accident with Jonathan F. Wiegand. At that time, Wiegand was insured by defendant, Allstate Insurance Company. Thereafter, and from August 1961 until June of 1963, plaintiff was in contact with five different adjusters representing Allstate. The complaint alleges that in early August 1961, negotia-

tions for settlement of plaintiff's claim were opened, and plaintiff alleges "The said representative assured plaintiff that defendant insurance company had assumed full responsibility for said accident, and that defendant would compensate plaintiff for his injuries and losses". Thereafter, defendant's agents requested and obtained written and verbal accounts of the accident, authorizations to obtain medical information and other statements of losses and expenses, etc. On these occasions, defendant's agents "represented to plaintiff that plaintiff would be compensated for his injuries, medical expenses and losses resulting from said accident, and they further assured and represented to plaintiff that an attorney was not necessary to represent plaintiff in the settlement of his claim". Plaintiff, relying upon the assurances and representations of defendant, complied with all of defendant's various requests for authorization, assistance and cooperation, and in July 1963, defendant's agent informed plaintiff he would contact him the following month. Plaintiff suffered serious injuries and incurred expenses for medical, hospital and other miscellaneous bills, and damage to property in the sum of $2,612.13. Defendant's agents made the assurances and representations relied upon in the course and scope of their employment, and in reliance thereon, plaintiff failed to consult counsel or to take any steps to protect his rights arising out of the accident before the running of the statute of limitations for personal injury, relying upon defendant's representation that defendant would make a reasonable settlement of plaintiff's claim. The reasonable value of plaintiff's claim is in the amount or sum of $25,000.

Defendant filed its preliminary objections to this complaint, setting up various defenses. The first is in the nature of a demurrer, on the ground that the complaint fails to state a claim for which relief may be

granted. The second ground is that, at the time this suit was filed, a prior action was pending in the trespass action of Baum v. Wiegand, C. P. 6, March term, 1964, no. 305, in which the same facts are alleged. The third defense is based upon the outcome in the Baum v. Wiegand case, supra, alleging the result there is res judicata of the issues raised in this complaint in assumpsit. Last, defendant says that, even if the complaint is sufficient in view of the foregoing, it is yet not sufficiently specific in two particulars: what representations and assurances were made and by which representative of defendant and what offers were made by defendant's representatives to plaintiff with respect to settlement of plaintiff's claim. Each of these matters of defense shall be considered in order to determine the validity of the various defensive positions of Allstate Insurance Company.

## DEMURRER

Plaintiff, in his brief, relies upon two grounds to sustain his position that the complaint is legally sufficient. He states that on ordinary contract principles, an enforceable contract has been pleaded, in which only the price term has been omitted and that he comes within the purview of Restatement, Contracts §90. The complaint alleges that defendant's representatives assured plaintiff that it "would compensate plaintiff for his injuries and losses" and "assured and represented to plaintiff that plaintiff would be compensated for his injuries, medical expenses and losses resulting from said accident". Plaintiff's complaint further states that he, plaintiff, did certain acts, such as giving statements, submitting to medical examinations, submitting bills for expenses incurred and damage to property, giving authorizations to examine plaintiff's medical and physical condition and records thereof, and refrained from obtaining legal counsel and advice in return for defendant's promises as aforesaid. Assum-

ing that all of the essential terms of a contract are set forth, it appears that there is sufficient consideration to support the mutual promises exchanged as alleged in plaintiff's complaint. Numerous cases have considered the question of what constitutes sufficient consideration which makes of a promise a legally enforceable obligation. See 8 P. L. Encyc., Contracts §41, and cases cited therein. ". . . one of the tests of (sufficient) consideration is whether the promisee, at the instance of the promisor, has suffered any detriment, or whether, in return for the promise, he has done something that he was not bound to do or has promised to do some act or has abstained from doing something, and if any of the elements of the test is established, the consideration becomes sufficient to support a promise, even though it may be grossly disproportionate to the promise": 8 P. L. Encyc., Contracts §43. See Restatement, Contracts §§75, 77; Widmer v. Widmer, 176 Pa. Superior Ct. 264 (1954).

What benefit to the promisor is pleaded? Defendant has obtained from plaintiff complete disclosure and cooperation; he has obtained the agreement of plaintiff to accept a "reasonable" settlement according to the nature of the claim, the injuries sustained, and expenses incurred, without the necessity of employing counsel to provide a legal defense to plaintiff's claim. On the other hand, plaintiff has made a complete disclosure of all information pertinent to his claim, has given statements freely to defendant's representatives, has submitted to medical examinations, and, relying upon defendant's representations and promises, did not seek legal advice or counsel and did not commence a suit in trespass, as was his legal right. Looking at the mutual undertakings of both parties, as set forth in the complaint, there is clearly set forth a legal benefit to the promisor and a legal detriment to the promisee.

The terms of a contract must be sufficiently definite

so that what is agreed to is understood by all the parties thereto: 8 P. L. Encyc., Contracts §5. At the same time, however, it is not necessary that every term and condition be spelled out with particularity, and where certain terms are left open by the parties, the court will infer that the parties intended a reasonable construction be placed thereon: Kirk v. Brentwood Manor Homes, Inc., 191 Pa. Superior Ct. 488. For example, if time for performance is not specified, the law presumes that a reasonable time was intended, and what constitutes a reasonable time is governed by the circumstances. See Widmer v. Widmer, supra; Rossmassler v. Spielberger, 270 Pa. 30 (1921); cf. Specker v. Sun Ray Drug Co., 163 Pa. Superior Ct. 39 (1948).

If the price term or rate of compensation is not determined or determinable, it is the general rule that no contract has been formed: Butler v. Kemmerer, 218 Pa. 242 (1907). However, if there is a reasonable basis by which the intended terms of payment may be ascertained, the contract will be enforced: Widmer v. Widmer, supra. Furthermore, destruction of a contract on the ground of uncertainty is not favored in the law, and courts will attempt to give effect to every reasonable intention of the parties if ascertainable: Rossmassler v. Spielberger, supra. This is especially true where the agreement has been executed and is not executory: Rossmassler v. Spielberger, supra; Richardson v. Gosser, 26 Pa. 335 (1855); Toner v. Sobelman, 86 F. Supp. 369 (1949).

The complaint, in effect, alleges that plaintiff did all that he was required to do, and all that remains is the payment by defendant. On these preliminary objections, the court is not in a position to declare with certainty that plaintiff should be denied his day in court.

Even if it be assumed that the complaint does not sufficiently define the terms of a contract, it clearly

falls within the requirements of a promissory estoppel, as defined in the Restatement, Contracts, §90. That section provides:

"A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise".

This rule has been adopted and applied in Pennsylvania: Fried v. Fisher, 328 Pa. 497 (1938); Woodruff v. Heavey, 4 D. & C. 2d 21 (1954); Trexler's Estate, 27 D. & C. 4 (1936). It is to be noted that there are certain elements which must be met in order that a plaintiff successfully invoke the aid of this rule. First, there must be a promise; second, it must be such that the promisor should expect the promisee to act or forbear in some substantial and important respect; third, the promisee must have acted in reliance upon the promise; and fourth, there must be a showing of injustice if the promise is not enforced. If these circumstances exist, then it is not material whether the promise was or was not supported by sufficient consideration.

The complaint alleges that defendant promised to make a reasonable settlement of plaintiff's claim, setting forth certain things which plaintiff should and should not do. Most important of all was the direction by defendant to plaintiff not to engage legal counsel. Plaintiff, relying upon defendant's promise, did forbear in a substantial and important respect. The injustice, in such circumstances, is clear.

Should defendant have reasonably anticipated that plaintiff would have relied upon its promise to amicably settle the claim without the intervention of counsel? This question is one for the jury or trier of fact. Certainly, under the facts and circumstances alleged, this

is not a question to be decided on a preliminary motion. Plaintiff alleges that he relied upon defendant's promises in not seeking counsel until after the statute of limitations on his claim had run. Whether he did so in fact is not a question to be resolved on this motion. Certainly, if plaintiff is in a position to prove his allegations sufficiently to meet the requirements set forth above, injustice would result if the promise is not enforced. Any other conclusion would sanction improper conduct in depriving an injured plaintiff of valuable rights which arise only out of the wrongdoing of another.

Earlier in this opinion, the question of the certainty of consideration was considered in connection with the application of general contract principles. It is there stated that if there is a reasonable basis by which the intended terms of payment may be ascertained, the contract will be enforced: Widmer v. Widmer, supra. Is plaintiff in a position to prove his damages? The answer to this question lies in a consideration of the nature of the promise sought to be enforced.

What is the promise which defendant is alleged to have made? It is to make a reasonable settlement with plaintiff. At first blush, this appears to present a difficult and nearly insoluble problem. However, reliance upon general principles of damages would appear to present an answer to the problem. The purpose and object in awarding damages to an injured party is to compensate him for the actual loss sustained. "While formulated rules relating to the appropriate measure of damages in varying circumstances have to some degree become fixed, they are by no means immutable but bend to the exigencies of the particular case in order that just compensation may be ascertained and awarded. Neuman v. Corn Exchange Nat. B. & T. Co., 356 Pa. 442, 456, 457. Compensation to the person injured is to be given with the least burden to the wrong-

doer consistent with the idea of fair compensation. Mass. B. & I. Co. v. Johnston & Harder Co., 348 Pa. 512, 524": Laub, Trial Guide, §339.23(1). The fact that damages cannot be proved with mathematical certainty is no ground for declaring them too speculative to be passed on by the trier of fact. All that is required is a reasonable quantity of evidence from which the trier of fact may fairly estimate the amount of damages from the evidence: Ashcraft v. C. G. Hussey and Company, 359 Pa. 129, 132 (1948).

The complaint in the instant case alleges that defendant promised to make a reasonable settlement for the injuries sustained by plaintiff. Lawyers and judges who are active in the field of personal injury law are conversant with the various factors which are considered in arriving at a fair settlement value of a claim. For example, representatives for both the injured party and the tortfeasor estimate the potential jury verdict in the case. This estimate is based upon the nature of the injuries sustained, their extent, the medical expenses incurred, the loss of earnings incurred, and other factors. From this base, an assessment of the problems to be encountered at trial is made and the cost of trial and the liability question are weighed. What plaintiff alleges he bargained for was not the full jury verdict, but a sum which represents a fair settlement after weighing all of the varied factors which attorneys, insurance companies and adjusters consider in daily practice in disposing of the bulk of personal injury claims. Thus, plaintiff must determine the most feasible and practicable means of proving the damages which he is alleged to have sustained by reason of defendant's failure to abide by the promise it is alleged to have made.

Defendant, in its brief, relies upon Nesbitt v. Erie Coach Company, 416 Pa. 89 (1964). However, what was said in Nesbitt has only indirect application. In

that case, the question was whether, as a result of defendant's conduct, it was estopped from raising as a bar the statute of limitations. The court, by Mr. Justice Eagen, states the law as follows, 416 Pa. at 96;

"In order for the doctrine of estoppel to be applied in bar of the statute of limitations, fraud or concealment must necessarily be established. However, this does not mean fraud in the strictest sense encompassing an intent to deceive, but rather fraud in the broadest sense which includes an unintentional deception: Guy v. Stoecklein Baking Co., 133 Pa. Superior Ct. 38, 1 A. 2d 839 (1938). 'It is not the intention of the party estopped but the natural effect upon the other party which gives vitality to an estoppel': 5 Williston, Contracts §691 (3rd ed. 1961). As stated in Schwab v. Cornell, 306 Pa. 536, 539, 160 A. 449, 450 (1932): 'If the circumstances are such that a man's eyes should have been open to what is occurring, then the statute begins to run from the time when he could have seen, but if by concealment, through fraud *or otherwise*, a screen has been erected by his adversary which effectually obscures the view of what has happened, the statute remains quiescent until actual knowledge arises' ". (Italics in original.)

Obviously, Nesbitt does not control the outcome of this case. In that case, the court had to determine whether there were sufficient facts from which a trier of fact could find that defendant, the purported wrongdoer or tortfeasor, had so conducted himself as to be equitably estopped from interposing the defense of the running of the statute of limitations. While it is true that there are many parallels in the proofs required, in the present complaint no question of fraud, even as outlined in the Nesbitt decision, arises. Although some form or degree of fraud might exist, or even be proved, the gist of the present action is not fraud on the part of this defendant, but reasonable reliance by plaintiff

upon a promise of such a character as would induce one to act or forbear from acting. Furthermore, it is not the promise of the tortfeasor, but the promise of the tortfeasor's insurance carrier which is here in question.

Defendant misconceives the nature of the action brought against it. It cites Nesbitt v. Erie Coach Co., supra; Plazak v. Allegheny Steel Company, 324 Pa. 422 (1936); Schwab v. Cornell, 306 Pa. 536 (1932); Lewey v. H. C. Fricke Coke Company, 166 Pa. 536 (1895); Bonfitto v. Bonfitto, 391 Pa. 187 (1958), affirming per curiam, 10 D. & C. 2d 598 (1956); Patton v. Commonwealth Trust Co., 276 Pa. 95 (1923); and Turtzo v. Boyer, 370 Pa. 526 (1952), quoting Nesbitt, supra, at 93, stating: "It is also well established that mere negotiations toward an amicable settlement afford no basis for an estoppel, nor do mistakes, misunderstandings or lack of knowledge in themselves toll the running of the statute. . . ." In defendant's brief, it is stated that, assuming the facts in the complaint to be true, plaintiff had discussions with defendant's representatives for almost two years, which terminated prior to the running of the statute, and that at no time did defendant tell plaintiff of all those factors regarded as essential to give rise to an equitable estoppel as set forth in the Nesbitt case. Defendant overlooks the fact that what plaintiff has pleaded are facts which, if true, describe a binding promise or obligation on the part of defendant, an obligation arising out of a contractual relationship created by defendant, and not one based upon fraud, mistake or concealment.

### PENDENCY OF PRIOR ACTION

Defendant relies upon the fact that at the time this suit was filed, the appeal in Baum v. Wiegand, supra, was pending. Thus, defendant asserts a prior suit on this same cause of action was pending before the court. What has been said regarding the demurrer is applicable here. The present complaint alleges a separate

and distinct cause of action against defendant, Allstate Insurance Company. The Wiegands, Allstate's insureds, defendants in the prior action alluded to, are not and could not be a proper party to this action. At no time did the Wiegands ever consent to Allstate's agents executing, in their behalf, the contract alleged to form the basis of the present action. Both the theory and legal requisites in the case at bar bear no relationship to the trespass action sued upon in the Wiegand case. True, plaintiff sought to avoid the statute of limitations pleaded by defendants Wiegand on the basis that there was an equitable estoppel; however, that fact alone does not require the result defendant here seeks.

## Res Judicata

Allstate Insurance Company suggests that the action brought by the present plaintiff against Jonathan and Frank Wiegand, supra, and the decision there is res judicata of the issues raised on this motion, and, therefore, plaintiff's suit is barred by the doctrine of res judicata. In support of its contention, defendant relies upon Stevenson v. Silverman, 417 Pa. 187 (1965); Goldstein v. Ahrens, 379 Pa. 330 (1954); Burke v. Pittsburgh Limestone Corporation, 375 Pa. 390 (1953); and Restatement, Torts §84. This claim is based upon Allstate's position that: (a) the issues raised in plaintiff's reply to new matter in bar of the defense of the statute of limitations are identical to those raised in this action, and (b) that Allstate and the Wiegands were in privity with each other and are, for all legal and practical purposes, one and the same.

In the Stevenson case, supra, at page 190, the court states:

"For the doctrine of res judicata to prevail, there must be a concurrence of four conditions: (1) Identity in the thing sued upon; (2) Identity of the cause of action; (3) Identity of persons and parties to the

action; and (4) Identity of the quality or capacity of the parties suing or sued: . . . ."

Unlike the Stevenson case, there can be no doubt that in the instant action, there are lacking at least two, and perhaps all, of the elements requisite to an application of the doctrine. For example, this is a contract action, while the Wiegand suit was based upon negligence; this action is against Allstate Insurance Company and is based upon conduct of Allstate by its own agents or employes and not against the Wiegands for any conduct of theirs or their agents; the causes of action sued upon, in fact, bear no true relationship to each other, although it is obvious that under the circumstances, a verdict in this action in plaintiff's favor would bear a striking similarity to one which might have issued in the original suit against the Wiegands. Other differences exist; however, what has been indicated is deemed sufficient to point to the correct result.

## MOTION FOR MORE SPECIFIC PLEADING

Pennsylvania Rule of Civil Procedure 1017(b)(3) provides for "a motion for a more specific pleading". "One of the fundamental purposes of pleadings is to inform the adverse party of what he will be required to meet at the trial, and this will be the test of the adequacy of a pleading on a motion for a more specific pleading. But, where the objecting party may be presumed to have knowledge of the matters alleged without the benefit of the pleading, a motion for more specific statement will be denied. And if the motion seeks the pleading of evidence it will be denied. The motion cannot be used to require a party to set forth the source of his knowledge and his ability to prove certain averments. A motion will be denied where there is no question of the matter in controversy and the party is able to know exactly what he is required to defend": 4 Standard Pa. Prac. §24 (Rev. ed. 1955), and see

cases cited therein. Tested by these principles, defendant's motion must fail. The complaint adequately sets forth the promises upon which plaintiff relies. Plaintiff is not required to state what each agent or representative of defendant said, but only what the terms of the contract or promises made are. There is no doubt that defendant is placed on notice of plaintiff's claim and what he will be required to meet at a trial on the issues raised. Furthermore, defendant's records will reveal, and its own personnel have within their control, the information pertinent to plaintiff's claim in this suit.

The complaint in the case at bar is certainly not a model upon which others ought to rely. However, it is certainly sufficient, and analysis discloses the factual basis upon which plaintiff's claim rests. Requiring further clarification at this time would only result in unwarranted delay.

### ORDER

Now, February 25, 1966, it is ordered that defendant's preliminary objections to the complaint be and are hereby dismissed, with leave to defendant to file its answer within 20 days from the date hereof.